| JAN W. CLAIBORNE, Judge Pro Tem.
This appeal arises from the district court’s dismissal of a prisoner’s petition for judicial review of an Administrative Remedy Procedure (ARP), relative to damages for alleged mental anguish and physical suffering caused by contact with contaminated water at David Wade Correctional Center (DWCC). For the following reasons, we reverse and remand.
FACTS
Plaintiff, Alfonso Rhone, is an inmate at DWCC in Homer, Louisiana. He alleges in his petition for judicial review that on July 10, 1998, he was notified that he had been exposed to baeteria-eontaminated water through the prison water supply. He further alleged that the contaminated water caused him to suffer medical problems such as “diarrhea/cramps/thy *27 roid/tonsillitis.” After learning of his exposure, plaintiff filed a complaint pursuant to the Corrections Administrative Remedy Procedure (CARP), set forth in La. R.S. 15:1171-1179, seeking money damages and termination of certain prison employees he alleged had intentionally misled him regarding the prison water supply. Plaintiff filed a petition for review in the Nineteenth Judicial District Court on September 1, 1998, after rejection of his third step in the ARP process.[2] Plaintiffs petition specifically referenced his ARP complaint wherein he sought money damages for mental anguish and suffering caused by his exposure to alleged contaminated water.
Plaintiffs petition for judicial review was referred for consideration to a commissioner at the Nineteenth Judicial District Court. The commissioner ordered that the administrative record be supplemented with all of the evidence considered by the Department of Public Safety and Corrections (DOC) when it rejected plaintiffs claims. After reviewing the entire administrative record, the |scommissioner recommended to the district court that plaintiffs petition be dismissed. On May 19, 2000, the district court judge conducted a review of the entire record and adopted the commissioner’s report as reasons for dismissing plaintiffs suit with prejudice at his cost.
DISCUSSION
Plaintiff represented himself in the district court and is now representing himself before this court. He appeals the district court judgment, asserting that the district court erred in not granting a trial de novo, and that the denial of his ARP was arbitrary, capricious and an abuse of diseretion. In light of the Louisiana Supreme Court’s recent decision in Pope v. State of Louisiana, 99-2559, p. 13 (La.6/29/01), 792 So.2d 713, 721, holding the provisions of CARP in La. R.S. 15:1171-1179 unconstitutional as applied to inmate tort actions, we must agree that the district court erred in not granting plaintiff a trial on his tort claim.
In Pope, 99-2559 at 13, 792 So.2d at 721, the supreme court found that CARP allowed the DOC to exercise original jurisdiction in tort actions in violation of Article V, Section 16(A) of the Louisiana Constitution. La. Const. art. V, § 16(A) provides, in pertinent part, that “a district court shall have original jurisdiction of all civil and criminal matters.” Plaintiffs complaint clearly asserts a tort action to recover damages for injury while incarcerated in prison. A tort action is a civil matter. Thus, plaintiff is entitled to have the district court adjudicate his tort claim under its original jurisdiction.
The district court judgment dismissing plaintiffs suit was rendered prior to the Pope decision. The district court reviewed the case under CARP on the record made up before the DOC officials. See La. R.S. 15:1177. Although the district court review was conducted in accordance with then-applicable legal tenets, the judgment cannot be upheld because the district court did not exercise original jurisdiction at the inception of plaintiffs tort action. See Pope, 99-2559 at 10, 792 So.2d at 719. Accordingly, the judgment must be reversed and the case remanded for further proceedings, including any necessary amendment of plaintiffs petition to more clearly state his claims.
*28 CONCLUSION
The judgment dismissing plaintiffs suit is reversed, and this case is remanded to the district court for further proceedings consistent with this opinion. All costs of this appeal, in the amount of $577.84, are assessed against defendants through the Louisiana Department of Public Safety and Corrections.
REVERSED AND REMANDED.

. Plaintiff named as defendants two employees of the Louisiana Department of Public Safety and Corrections, namely, K. Ward, the warden at DWCC, and Michael Rhodes, a captain at DWCC.