808 So.2d 829 (2002)
Samuel HULL
v.
Richard L. STALDER, Sec. Warden, James M. Leblanc, R.C. Hudnall, Classification Law Library.
No. 2000 CA 2730.
Court of Appeal of Louisiana, First Circuit.
February 15, 2002.
*830 Sam Hull, Jackson, Pro Se.
William L. Kline, Baton Rouge, for Defendant Richard L. Stalder, Secretary, Department of Public Safety.
Before: GONZALES, KUHN, and CIACCIO[1], JJ.
KUHN, Judge.
This matter arises from the trial court's dismissal of an inmate's petition for judicial review. Because we conclude the trial court had no jurisdiction to address the inmate's claims, we vacate the portion of the trial court's judgment that sustained an exception of no cause of action and assessed costs to the inmate, and we affirm the dismissal of the inmate's petition.

FACTUAL AND PROCEDURAL BACKGROUND
On July 26, 2000, Samuel Hull, an inmate at Dixon Correctional Institute ("Dixon"), filed a petition for judicial review in the Nineteenth Judicial District Court. Therein, he named the following individuals as defendants: Richard Stalder, Secretary of the Department of Public Safety and Corrections ("the Department"); James M. Leblanc, Warden of Dixon; and R.C. Hudnall, an officer at Dixon. In his petition, Hull challenged Dixon's "call out" system for inmate's access to the law library and sought "unlimited access to [Dixon's] law library." In *831 attachments to his petition, Hull complained that he had been allowed only about one and one-half hours in the library to prepare a brief for federal court.[2]
Hull's petition was screened by a commissioner in accordance with La. R.S. 15:1178 and 1188 to determine whether the petition stated a cognizable claim or if the petition, on its face, was frivolous or malicious, failed to state a cause of action, or sought monetary damages from a defendant who was immune from liability for monetary damages. On August 15, 2000, the commissioner issued a screening report, recommending the dismissal of Hull's petition because of its failure to state a cause of action. On September 14, 2000, the trial court sustained its own exception of no cause of action and signed a judgment in favor of the defendants, dismissing plaintiffs suit without prejudice at plaintiffs cost of $97.95. Hull appeals the trial court's judgment.

ANALYSIS
We must first consider whether this case is properly before the court and whether there is a basis for jurisdiction in this court. Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La. C.C.P. art. 1; Robinson v. Parole & Prob. Div., Dep't of Public Safety & Corr., XXXX-XXXX, p. 3 (La.App. 1st Cir.9/28/2001), ___ So.2d ___, 2001 WL 1143309.
Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties or waived; a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. arts. 3 and 925(C). It is the duty of a court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants. Robinson v. Parole & Prob. Div., Dep't of Public Safety & Corr., XXXX-XXXX, p. 3, ___ So.2d ___, 2001 WL 1143309.
In this case, the commissioner and the trial court did not have jurisdiction over Hull's claim because he failed to exhaust administrative remedies available to him under the Corrections Administrative Remedy Procedure (CARP), La. R.S. 15:1171 et seq., prior to filing his petition for judicial review in the district court. Because the district court had no jurisdiction, this court has no appellate jurisdiction over this matter. Metro Riverboat Associates, Inc. v. Louisiana Gaming Control Bd., 01-0185 (La.10/16/2001), 797 So.2d 656, 663.
Pursuant to CARP, the Department adopted an administrative remedy procedure for receiving, hearing, and disposing *832 of any and all complaints and grievances by offenders against the state, the department, or its employees that arise while an offender is within the custody or under the supervision of the department. La. R.S. 15:1171(B). Based on the provisions of La. R.S. 15:1171(B) and La. R.S. 15:1172(A), these administrative procedures provide the exclusive remedy available to offenders for the purpose of preserving any cause of action claimed against the state, the department, or its employees. La. R.S. 15:1172(B) further provides in pertinent part:
No state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative remedy procedure unless and until the offender shall have exhausted the remedies as provided in said procedure. If the offender has failed timely to pursue administrative remedies through this procedure, any petition he files shall be dismissed.
We recognize that in Pope v. State, 1999-2559 (La.6/29/2001), 792 So.2d 713, our supreme court declared the provisions of Louisiana Revised Statutes 15:1171-79 to be unconstitutional to the extent that the statutes are applied to inmate's tort actions. In Pope, a former inmate brought a personal injury action against the Department in district court, alleging he was seriously injured while incarcerated. Although the inmate had not first presented his claim to the warden via CARP, the inmate claimed the procedure was unconstitutional as applied to his personal injury action because it divested the district courts of original jurisdiction over a tort action. After the tort action was dismissed with prejudice by the court of appeal, the supreme court granted certiorari to consider the inmate's claim. Upon review, the court held that CARP violated Article V, Section 16(A) of the Louisiana Constitution, which provides, in pertinent part, that "a district court shall have original jurisdiction of all civil and criminal matters." Recognizing tort actions as being clearly civil matters, the court found that CARP violated the Constitution by allowing the Department to exercise original jurisdiction in tort actions and was an invalid attempt to alter the original jurisdiction of the district courts by legislative act. Pope v. State, 792 So.2d at 719.
The case that we are reviewing does not involve a tort suit but we address whether the action at issue involves a "civil matter." In In the Matter of American Waste, 588 So.2d 367, 372 (La.1991), and Moore v. Roemer, 567 So.2d 75, 81 (La. 1990), the Louisiana supreme court indicated that "civil matters" are those that have been traditionally adjudicated in the district courts, such as the adjudication of disputes between private parties resulting in money judgments affecting only those parties. "Civil matters" are those where private citizens have historically had the independent right to bring suit in the district court for relief. American Waste, 588 So.2d at 372. "Civil matters" generally do not include those where the government is a party or in matters of public law. Moore v. Roemer, 567 So.2d at 81. We recognize, however, that a claim of deprivation of a constitutionally-protected right is a traditional civil matter. McGehee v. City/Parish of East Baton Rouge, XXXX-XXXX, p. 4 (La.App. 1st Cir.9/12/01), 809 So.2d 258.
In the present case, Hull attempts to assert a claim that he has been denied meaningful access to the courts as guaranteed by Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), due to his limited library access. In Bounds, the United States Supreme Court reviewed the claims of a post-conviction inmate, who asserted that his lack of access to law books denied him access to the courts. The Court held that "the fundamental constitutional *833 right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. at 828, 97 S.Ct. at 1498. In Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996), the Court explained that "Bounds did not create an abstract, freestanding right to a law library" but rather "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Beyond that, the Lewis court held that to establish a Bounds violation the inmate must suffer "actual injury" or "actual harm" resulting from the "alleged shortcomings in the library or legal assistance program." Lewis v. Casey, 518 U.S. at 351, 116 S.Ct. at 2180.
Because Hull asserts no claim of actual injury or harm that has resulted from his limited access to the prison library, his petition states merely a grievance against the prison system that addresses itself exclusively to the administration of the prison; it does not set forth a claim of deprivation of a constitutionally protected right. See Lightfoot v. Stalder, XXXX-XXXX, p. 14 (La.App. 1st Cir.6/22/2001), 808 So.2d 710 (Gonzales, J., concurring); Gibson v. Barnes, 597 So.2d 176, 177 (La.App. 1st Cir.1992); Watts v. Phelps, 377 So.2d 1317, 1320 (La.App. 1st Cir.1979), writ denied, 380 So.2d 1210 (La.1980). As such, Hull's complaint about the prison's call-out procedure for library access is not the type of claim traditionally cognizable in a trial court, and thus is not a "civil matter" reserved for the trial court. Accordingly, because the administrative remedies set forth in La. R.S. 15:1171 et seq. provide the exclusive remedy available to Hull for the type of grievance presented, his grievance should have been processed through administrative channels before being reviewed by the commissioner and the trial court at the Nineteenth Judicial District Court. Thus, the district court did not have jurisdiction over Hull's claim and its judgment sustaining the exception of no cause of action is void. La. C.C.P. art. 3; Robinson v. Parole & Prob. Div., Dep't of Public Safety & Corr., XXXX-XXXX, p. 4, ___ So.2d ___, 2001 WL 1143309. Although the district court should not have considered the exception, it properly dismiss Hull's petition.

CONCLUSION
For the above reasons, we vacate the portion of the trial court's judgment that sustained the exception of no cause of action and assessed costs to Hull and affirm the dismissal of the petition. Appeal costs in the amount of $372.78 are to be paid by Hull.[3]
VACATED IN PART AND AFFIRMED IN PART.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Hull also asserted that he previously presented his grievance in a request for administrative relief that has never been answered. Based on a review of the record, it appears that Hull failed to properly initiate his request for administrative relief in accordance with departmental regulations addressing the administrative remedy procedure as set forth in Title 22, "Corrections, Criminal Justice and Law Enforcement," Part 1, Chapter 3, section 325. In order to properly initiate the process, Section 325F(2) requires that the inmate offender submit a letter requesting relief to the unit head. The unit head is the warden of the institution. Section 325D(4). The information contained within this record suggests that Hull sent his request for administrative relief to the secretary of the Department, Richard Stalder, rather than to Dixon's warden, Richard Leblanc.
[3] Although appellant's suit was brought in forma pauperis, the costs of an unsuccessful appeal may be assessed against him. See Gibson v. Barnes, 597 So.2d 176, 178 (La.App. 1st Cir.1992).