| ¡(WHIPPLE, J.
Plaintiffs, Roosevelt Florida, Russell Blanchard and Donald Ray Evans, appeal from a judgment dismissing their petition for damages without prejudice following plaintiffs’ failure to amend their petition to reflect that they had first exhausted the administrative remedies provided for in the Corrections Administrative Remedy Procedure, LSA-R.S. 15:1171, et seq. For the following reasons, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
On July 27, 1999, plaintiffs, formerly inmates incarcerated by the Louisiana Department of Public Safety and Corrections (“the Department”), filed a petition styled “Class Action Petition for Damages” against the Department and Richard Stalder, Secretary of the Department, asserting that plaintiffs had “sustained damages, economic and non-economic, from a denial of due process and loss of liberty interest by reason of an illegal forfeiture of good time and concomitant increase in the number [of] days they were wrongfully *714 incarcerated.”[1] Plaintiffs averred that pursuant to Department Regulation B-04-005, the Department had instituted a disciplinary policy of referring disciplinary cases to a “Special Court,” through which plaintiffs were subjected to a forfeiture of up to 180 days of good time. They further averred that because the imposition of this additional penalty pursuant to Department Regulation B-04-005' was illegal and without force of authority of law (in that it was never properly promulgated as mandated by the Louisiana Administrative Procedure Act), see Rivera v. State, 98-0507, 98-0508, pp. 5-6 (La.App. 1st Cir.12/28/98), 727 So.2d 609, 612-613, writ denied, 99-0289 (La.3/26/99), 740 So.2d 617, they and others similarly situated had been illegally incarcerated beyond the dates on which they should have been released. Accordingly, plaintiffs contended that they were entitled to monetary awards as damages for “loss of denial of due process and liberty interests, illegal detention, wrongful imprisonment, past and future emotional and mental anguish, pain and suffering, loss of earnings, loss of earning capacity and other economic and non-economic injuries.”
The Department and Stalder then filed dilatory exceptions raising the objections of improper, cumulation of actions and vagueness. In support of its exceptions, the Department contended that plaintiffs’ suit was governed by the Corrections Administrative Remedy Procedure (“CARP”), LSA-R.S. 15:1171, et seq. Accordingly, defendants contended that pursuant to LSA-R.S. 15:1177, plaintiffs could not cu-mulate separate actions for judicial review. Additionally, the Department and Stalder contended that plaintiffs’ petition was vague in that it failed to specify the file numbers of the 'administrative remedy procedures (“ARP”) in which they sought administrative review of their complaints and of which they sought judicial review in the district court.
In her report addressing the exceptions, the Commissioner recommended that the exception of vagueness be maintained as meritorious and that plaintiffs be given thirty days to amend their petition to set forth plaintiffs’’ department identification numbers or the ARP numbers of the requests sought to be reviewed. The Commissioner further recommended that the district court defer ruling on the exception of improper cumulation, but that if the court desired to rule on this exception also, it likewise should be maintained as meritorious.
|4In accordance with the Commissioner’s recommendation, the district court maintained the exception of vagueness and ordered plaintiffs to amend their petition within thirty days to indicate the individual department identification number of each plaintiff, as well as the number assigned to the ARP sought to be reviewed, if any had been filed by plaintiffs. The court order further provided that failure to comply with the order and furnish proof of exhaustion of administrative remedies would result in the dismissal of the lawsuit without prejudice.
In response to the district court’s order, plaintiffs amended their petition to set forth the Department identification number of one plaintiff, Roosevelt Florida, and to assert that plaintiffs were not “offenders” under CARP and, accordingly, should be allowed to proceed with their suit for damages in the district court.
Thereafter, the Department filed a motion to dismiss plaintiffs’ suit on the basis that the plaintiffs’ amended petition failed to provide the Department identification *715 numbers of two of the three plaintiffs and failed to provide the number assigned to any ARP filed by any of the plaintiffs for which review was sought. Based on the recommendation of the Commissioner that the suit should be dismissed without prejudice, the district court rendered judgment on February 13, 2001, dismissing the plaintiffs’ suit without prejudice. From this judgment, plaintiffs appeal.
DISCUSSION
In their first assignment of error, plaintiffs contend that the district court erred in maintaining the' Department’s exceptions of vagueness and | ^improper cumulation [2] based on the erroneous finding that plaintiffs were required to submit to an unconstitutional administrative review process prior to filing suit for damages. On review, in light of the Louisiana Supreme Court’s recent decision in Pope v. State, 99-2559, p. 13 (La.6/29/01), 792 So.2d 713, 721, holding the provisions of CARP in LSA-R.S. 15:1171-1179 unconstitutional as applied to inmate tort actions, we must agree that the district- court erred in dismissing plaintiffs’ claims herein.
In Pope, the Supreme Court declared that to the extent the provisions of LSA-R.S. 15:1171-1179 allowed the Department to exercise original jurisdiction in tort actions, the statute violated article V, section 16(A) of the Louisiana Constitution. Pope, 99-2559 at p. 13, 792 So.2d at 721. Under the facts of Pope, a former inmate brought a personal injury action against the Department in district court, alleging he was seriously injured while incarcerated. Although the inmate had not first presented his claim to the warden through CARP, the inmate claimed the procedure was unconstitutional as applied to his personal injury action, because it divested the district courts of original jurisdiction over a tort action. Pope, 99-2559 at p. 11, 792 So.2d at 719.
Article V, section 16(A) provides, in pertinent part, that “a district court shall have original jurisdiction of all civil and criminal matters.”[1] (Emphasis added). Recognizing tort actions as being clearly civil matters, the Supreme Court found that the CARP scheme violated the Constitution when allowing the Department to exercise original jurisdiction in tort actions and was an invalid attempt to alter the original jurisdiction of the district 1 (¡courts by legislative act. Pope, 99-2559 at p. 11, 792 So.2d at 719; Hull v. Stalder, 2000-2730, pp. 4-5 (La.App. 1st Cir.2/15/02), 808 So.2d 829, 832.
The claims asserted by plaintiffs in the petition herein are claims to recover damages for injury while incarcerated • in prison, ie., wrongful or false imprisonment. Thus, to the extent they assert a tort action, plaintiffs are entitled to have the district court adjudicate their tort claims under its original jurisdiction. Pope, 99-2559 at p. 13, 792 So.2d at 721; Rhone v. Ward, 2000-1774, p. 1 (La.App. 1st Cir. 11/9/01), 818 So.2d 26, 26.
Here, the district court judgment dismissing plaintiffs’ suit was rendered pri- or to the Pope decision. The district court based its dismissal on the conclusion that plaintiffs’ claims must first be submitted to Department officials under CARP. See LSA-R.S. 15:1172. Although the district court review was conducted in accordance with then-applicable legal tenets, the judgment cannot be upheld, because the dis *716 trict court did not exercise original jurisdiction at the inception of plaintiffs’ civil action. See Pope, 99-2559 at p. 10, 792 So.2d at 719; Rhone, 2000-1774 at p. 2, 818 So.2d at 26. Accordingly, the judgment of the district court granting the Department’s motion to dismiss and dismissing plaintiffs’ claims without prejudice must be reversed and the case remanded for further proceedings.
CONCLUSION
For the above and foregoing reasons, the February 13, 2001 judgment of the district court is reversed, and this matter is remanded to the district court for further proceedings consistent with this opinion. The assessment of costs is pretermit-ted, pending the outcome of the case on remand.
REVERSED AND REMANDED.

. Although filed as a class action petition, the scheduled hearing on the plaintiffs' motion for class certification was continued without date.

. Although plaintiffs assert in brief that they are challenging the district court’s ruling on the Department's exception of improper cu-mulation, the judgment on appeal did not 'address that exception. Thus, the issue of whether or not the plaintiffs can properly cumulate their claims herein is not before us.