828 So.2d 1226 (2002)
Charles CARTER
v.
Burl CAIN, Warden, Louisiana State Penitentiary, Richard Stalder, Secretary, Department of Public Safety & Corrections, Raphael Augustine, Classification Officer and Sergeant Wright, I-B Term Security
No. 2001 CA 2841.
Court of Appeal of Louisiana, First Circuit.
September 27, 2002.
Rehearing Denied November 6, 2002.
*1227 Charles Carter, Angola, for Plaintiff/Appellant, pro se.
Annette R. Seng, Baton Rouge, Counsel for Defendants/Appellees, Burl Cain, Warden, et al.
Before: PARRO, JAMES, and PATTERSON, JJ.[1]
PATTERSON, J. pro tempore.
The plaintiff, Charles Carter, is an inmate at the Louisiana State Prison at Angola. He initiated the three-step Administrative Remedy Procedure at the prison, complaining that an item of mail he had sent to the United States District Court, Middle District of Louisiana, had not been delivered, and stating that "it seems selected articles of my mail are not being mailed. I would like the prison[']s response."
At the first-step response, he was informed that mail was processed by the mail room employees on a daily basis, and after it left the mailroom, the prison had no control over it. Mr. Carter was further informed that first-class mail could not be traced and that he should utilize certified mail for important documents, because records were kept for certified mail. Mr. Carter filed a second-step grievance and received a response that the mailroom staff recorded only certified mail, the logbook had been checked, and no record of the missing piece of mail had been found. Mr. Carter filed a third-step grievance and received a response that there was no information to substantiate his allegations of selective mailing of his letters.
Mr. Carter then filed a petition for judicial review, asserting that he had gone through the Administrative Remedy Procedure and that the result was a "denial." He requested the following relief: "I would like a Response From The Defendants, with a chance for me to reply, and After Review I want the Court to Explain to me why Damages should not be allowed."
After a review of the case, the Nineteenth Judicial District Court Commissioner noted in his recommendation that at the hearing on May 7, 2001, Mr. Carter had attempted to raise the issue of being denied access to the courts. The Commissioner noted that after the Administrative Remedy Procedure has been filed, new issues cannot be raised. Further, he noted that it was clear from the record that no error had been established chargeable to the Department of Public Safety and Corrections (DPSC) or any of its employees. The Commissioner opined that Mr. Carter failed to establish a right to any remedy against the defendants, and the suit should be dismissed with prejudice. Thereafter, the district court rendered judgment in favor of the defendants and *1228 against Mr. Carter with prejudice. Mr. Carter is appealing that judgment.
In this court's recent decision in Madison v. Ward, 00-2842 (La.App. 1 Cir. 7/3/02), 825 So.2d 1245 (en banc), this court discussed the amendment of La. R.S. 15:1177(A) by 2002 La. Acts, 1st Ex.Sess., No. 89 (Act 89), which addressed a variety of prison litigation matters, and found that "[o]f primary significance herein is an amendment to La. R.S. 15:1177, which now provides that `[a]n aggrieved party may appeal a final judgment of the district court to the appropriate court of appeal.'" Madison v. Ward, 825 So.2d at 1252. The Madison court determined that this amendment was procedural, and thus has retroactive application. Further, citing Pope v. State, 99-2559 (La.6/29/01), 792 So.2d 713 and Lightfoot v. Stalder, 00-1120 (La.App. 1 Cir. 6/22/01), 808 So.2d 710, writ denied, 01-2295 (La.8/30/02), 823 So.2d 957, the Madison court stated:
Thus, given Pope's ruling that the district court cannot be divested of original jurisdiction to hear tort suits, Lightfoot's implication that claims involving a vested property right or a liberty interest should not be subject to CARP, and the most recent statement of legislative will found in Act 89, we conclude that the district court retains original jurisdiction, and this court has appellate jurisdiction, in tort suits and other "civil matters," including claims involving unconstitutional deprivations of vested property rights, liberty interests, and other properly alleged violations of constitutionally protected rights. Included in this category would be disciplinary actions where the punishment involves the forfeiture of accrued good time (a liberty interest) or the unconstitutional deprivation of property (a vested property right). In contrast to these" civil matters," CARP would be the exclusive remedy for disciplinary actions in which prospective good time is forfeited or where the punishment involves a condition of confinement; under the amendments, appellate jurisdiction for these claims rests sequentially with the district court and the court of appeal.
Madison v. Ward, 825 So.2d at 1254.
Mr. Carter's claim concerned an administrative matter and was properly brought by way of the administrative remedy procedure. The district court conducted an appropriate judicial review, and this court has appellate jurisdiction over this case. After a thorough review, we find no error in the district court's determination that the record failed to establish any error chargeable to the DPSC or any of its employees, and no error in the district court's determination that Mr. Carter failed to establish a right to any remedy against the defendants.
As to Mr. Carter's claim of denial of access to the courts, which was first raised at the hearing before the Nineteenth Judicial District Court Commissioner, the district court has original jurisdiction over these types of claims, under Pope v. State, 99-2559, 792 So.2d at 720 and Madison v. Ward, 825 So.2d at 1254. If Mr. Carter wishes to raise such a constitutional claim, he must file a separate suit in the district court.
Therefore, for the foregoing reasons, the district court judgment dismissing Mr. Carter's claim is AFFIRMED. Costs are assessed against Mr. Carter.
NOTES
[1] Judge A. Clayton James, retired, and Michael A. Patterson are serving as judges pro tempore by special appointment of the Louisiana Supreme Court.