li>PEB CURIAM.
Facts and Procedural History
Plaintiff, Harold Vincent, is an inmate sentenced to the custody of the Department of Public Safety and Corrections (DPSC), currently confined at Angola. On May 11, 2001, Vincent was transferred from David. Wade Correctional Center (DWCC) to Louisiana State Penitentiary at Angola (LSP). He alleges DPSC lost some of his personal property during the transfer.
On May 16, 2001, Vincent filed a lost property claim at LSP, asking that the claim be transferred to the warden at DWCC. LSP accepted Vincent’s property claim, assigning it Property Claim # LSP2001-2166. Realizing it had accepted the claim in error, LSP forwarded the claim to DWCC.
DWCC assigned Vincent’s claim docket number # WCC-2001-1489. On October 10, 2001, DWCC denied Vincent’s request for relief.
On February 22, 2002, Vincent filed suit in West Feliciana Parish against the state seeking to recover the value of his allegedly lost property. The petition raises allegations against the officials at LSP. The state responded by filing a declinatory exception of improper venue and a dilatory exception of prematurity.
On October 1, 2002, Judge George H. Ware, Jr. granted the state’s exception to venue, transferring the matter to the Nineteenth Judicial District Court. Judge Ware found that the judicial review provisions of La. R.S. 15:1177 governed Vincent’s suit, making venue exclusive to East Baton Rouge Parish. This writ application followed.
^Discussion
The issue for this court’s determination is whether inmates’ lost property claims are controlled by the Corrections Administrative Remedy Procedure (CARP) and, therefore, subject to judicial review of the record under La. R.S. 15:1177. Or, are inmates’ lost property claims tort claims, as contemplated by the Louisiana Supreme Court in Pope v. State, 99-2559 (La.6/29/01), 792 So.2d 713, and La. R.S. 15:1184 F (added in 2002), and thereby under the district court’s original jurisdiction? The mode of procedure will determine where venue is proper.
The state maintains that there are serious policy considerations to be resolved in addressing this issue. For instance, should an inmate be entitled to a full de novo trial under the district court’s original jurisdiction every time the prison laundry loses a sweatshirt? Or, is the lost property claim merely a grievance against the prison system that addresses itself to the administration of the prison sentence?
Louisiana Revised Statute 15:1171 B grants authority to the DPSC and to each sheriff to adopt administrative remedy procedures in compliance with federal law to receive, hear, and dispose of all offender complaints and grievances. In Pope, the Louisiana Supreme Court held that to the extent CARP allows the Department of Public Safety and Corrections to exercise original jurisdiction in tort actions it violates Article V, § 16A of the Louisiana Constitution, which vests district courts with original jurisdiction over all civil and criminal matters, and it is unconstitutional.
| ¿Apparently in recognition of the supreme court decision in Pope, the Louisiana Legislature added subsection F to La. R.S. 15:1184, by 2002 La. Acts No. 89, § 2, effective April 18, 2002, which provides:
The exclusive venue for delictual actions for injury or damages shall be the parish where the prison is situated to which the prisoner is assigned when the cause of action arose. Upon consent of all *496 parties, the court may transfer the suit to a parish in which venue would otherwise be proper, (emphasis supplied)
This venue provision speaks to the district court’s original jurisdiction as opposed to appellate jurisdiction, as the supreme court in Pope already has determined that CARP cannot be used to divest district courts of their constitutional grant of original jurisdiction over all civil and criminal matters. Therefore, if the relief Vincent seeks can be properly classified as “damages,” venue is proper in the Twentieth Judicial District Court. The question remains whether the term “damages” as used in La. R.S. 15:1184 and Pope includes a claim for lost property. The jurisprudence does not definitively answer the question.
Civil matters are those that have been traditionally adjudicated in the district courts, such as the adjudication of disputes between private parties resulting in money judgments affecting only those parties. Madison v. Ward, 2000-2842, p. 9 (La.App. 1 Cir. 7/3/02), 825 So.2d 1245, 1253. Also, a claim of deprivation of a constitutionally protected right is a traditional civil matter. Id. The state argues that Vincent’s petition does not involve a claim between private parties; rather, the parties are an inmate and his jailers. The state also observes that the jailer’s obligation to hold an inmate’s property arises from its custodial relationship with the inmate, not from consent. The state maintains that if it is forced to fully litigate all | dost property claims, greater restrictions will be placed on what personal property inmates are allowed to keep in their cells.
This court observed in Madison that claims involving a vested property right or a liberty interest should not be subject to CARP. Madison, 2000-2842 at p. 10, 825 So.2d at 1254. However, the state submits that a generic lost property claim does not rise to constitutional dimensions. Neither negligent nor intentional deprivations of property violate the Due Process Clause provided that adequate state post-deprivation remedies are available. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984). In Hudson, an inmate alleged the prison intentionally destroyed certain items of his personal property. In a footnote, the court observed that Virginia had enacted both a State Torts Claim Act and an inmate grievance procedure, “both” of which are potential sources of relief for inmates. Id. 468 U.S. at 536 n. 15, 104 S.Ct. at 3205 n. 15.
In Carter v. Cain, 2001-2841 (La.App. 1 Cir. 9/27/02), 828 So.2d 1226, an inmate sought redress through CARP, alleging an item he mailed to federal court had not been delivered. Following an unfavorable response, the inmate filed a petition for judicial review with the Nineteenth Judicial District Court. Following a recommendation from the Commissioner, the district court judge rendered judgment in favor of the defendants and against the inmate. On appeal, this court observed:
Mr. Carter’s claim concerned an administrative matter and was properly brought by way of the administrative remedy procedure. The district court conducted an appropriate judicial review, and this court has appellate jurisdiction over this case.
Id. 2001-2841 at p. 3, 828 So.2d at 1228.
6In Peterson v. Toffton, 36,372 (La.App. 2 Cir. 9/18/02), 828 So.2d 160, an inmate sought punitive damages and compensatory damages from the DPSC and others for injuries he allegedly suffered in connection with disciplinary proceedings. The second circuit went through a detailed discussion of Pope and what qualifies as a tort. A *497 civil action with respect to prison conditions or a prison suit is expressly defined as “any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison.” La. R.S. 15:1181. The second circuit observed that the holding in Pope was directed at the application of CARP to traditional tort actions; actions that are not related to conditions of confinement. The injuries suffered by the inmate in Pope had nothing to do with disciplinary or administrative remedy proceedings, but were caused by an accident that occurred while performing demolition work on a separate correctional facility. Peterson’s alleged “tort” claims arose directly from the disciplinary and administrative remedy proceedings of the DPSC and not from an independent accident. The court concluded that Peterson’s complaint sought a remedy with respect to his conditions of confinement. Id. 36,372 at p. 8, 828 So.2d at 164. A ease involving injuries to a prisoner from conditions of discipline or confinement is not a traditional “civil matter” under Article V, § 16 of the Louisiana Constitution. Id. In such a case, an inmate must exhaust his administrative remedies, and the Nineteenth Judicial District Court will exercise appellate jurisdiction in its review of the DPSC decision. See id.
In Hull v. Stalder, 2000-2730 (La.App. 1 Cir. 2/15/02), 808 So.2d 829, an inmate filed a petition for judicial review in the Nineteenth Judicial District Court alleging he was being given limited access to the prison law | Jibrary. Finding the inmate’s petition failed to state a cause of action, the suit was dismissed, and the inmate appealed. This court held:
[T]he commissioner and the trial court did not have jurisdiction over Hull’s claim because he failed to exhaust administrative remedies available to him under the Corrections Administrative Remedy Procedure (CARP), La. R.S. 15:1171, et seq., prior to fifing his petition for judicial review in the district court. Because the district court had no jurisdiction, this court has no appellate jurisdiction over this matter.
Id. 2000-2730 at p. 3, 808 So.2d at 831.
The Hull court determined that the inmate’s complaint was not a tort action. Id. 2000-2730 at p. 5, 808 So.2d at 832. Similarly, this court found Hull’s library access claim was “not the type of claim traditionally cognizable in a trial court, and thus is not a ‘civil matter’ reserved for the trial court.” Id. 2000-2730 at p. 6, 808 So.2d at 833. Rather, Hull’s “petition states merely a grievance against the prison system that addresses itself exclusively to the administration of the prison.” Id.
In the instant matter, we likewise conclude that lost property claims are classic matters of prison administration or conditions of confinement. Moreover, the inmate is not raising a claim of unconstitutional deprivation of a vested property right. Thus, the grant of the motion to transfer venue was proper, as the Nineteenth Judicial District Court has appellate jurisdiction over claims brought pursuant to La. R.S. 15:1171, et seq. Because the issue of whether Vincent’s petition for judicial review is premature has yet to be addressed by the district court, we preter-mit consideration of this issue.
| sConcIusion
For the above and foregoing reasons, Plaintiffs application for supervisory writs is denied; the district court properly sustained the declinatory exception of improper venue filed on behalf of the State of Louisiana through the Department of Public Safety and Corrections.
This court does not reach the merits of the state’s dilatory exception of prematurity. Based on the documentation present *498 ed to this court, the dilatory exception of prematurity is pending.
WRIT DENIED.