|!WEIMER, Justice.
Certiorari was granted in this matter to determine whether the legislative amendments to the Corrections Administrative Remedy Procedure (CARP), LSA-R.S. 15:1171-1179, and Prison Litigation Reform Act (PLRA), LSA-R.S. 15:1181-1191, by 2002 La. Acts, 1st Extraordinary Session, No. 89 (Act 89), effective April 18, 2002, should be applied retroactively to cases pending at the time the legislation was enacted.
Considering the facts of this case and for the reasons assigned in Cheron v. LCS Corrections Services, Inc.,[1] decided this date, we affirm the ruling of the lower *19 courts denying the exceptions of prematurity urged by the defendants: Helen Travis (Assistant Warden of Louisiana Correctional Institute for Women); Inez Robinson |2(Pirector of prison infirmary); Johnnie Jones (Warden of Louisiana Correctional Institute of Women); and State of Louisiana through the Department of Public Safety and Corrections (the Department). We hold that retroactive application of Act 89 may not be applied to a case in which the claimant would be deprived of a vested right.
FACTS AND PROCEDURAL BACKGROUND
Sharon Dailey filed a personal injury suit against defendants for injuries allegedly sustained during her incarceration at the Louisiana Correctional Institute for Women.[2] In a suit filed on July 12, 2001, Dailey alleged that on October 17, 2000, prison employees ordered her to climb on top of a water buffalo, a trailer-mounted water tank used for irrigation. She asserted she was not physically fit to be on top of the vehicle and the prison employees were aware of that fact. She also alleged the prison employees knew the vehicle was not designed for transportation and that the vehicle was not functioning properly. She contends she fell off the water buffalo and was severely injured. She initially received treatment at the prison infirmary and was treated some time later at Earl K. Long Hospital. Dai-ley contends the hospital staff referred her to a spine clinic and an orthopedic surgeon, but that prison officials failed to provide her with the recommended medical appointments. Due to lack of timely and adequate medical treatment, Dailey claims she continues to suffer from pain in her neck and back.
|sDailey seeks recovery for damages including medical bills, future medical expenses, and general damages for pain and suffering. She alleged defendants violated LSA-R.S. 15:760 (entitled “Hospital quarters”) and LSA-R.S. 15:831 (entitled “Medical care of inmates; testing”). She also asserted a claim based on violation of her civil rights under 42 USC § 1983.
Defendants filed exceptions based on prematurity and no cause of action. The only issue currently before the court is the exception of prematurity. Defendants contend Dailey failed to exhaust administrative remedies as required by LSA-R.S. 15:1172, 15:1184, and 15:1191. Dailey opposed the exception based on the holding of Pope v. State, 99-2559 (La.6/29/01), 792 So.2d 713. The trial court agreed and rendered judgment dated August 21, 2002, denying the exception of prematurity.
Defendants filed a writ application with the court of appeal which was denied with the following notation:
WRIT DENIED. The district court did not err in denying relators’ dilatory exception raising the objections of prematurity. See Creppel v. Dixon Correctional Institute, 2001-2068 (La.App. 1st *20 Cir.6/21/02), as clarified on rehearing (7/30/02), 822 So.2d 760, writ denied, 2002-2289 (La.11/15/02), 829 So.2d 432; Florida v. Louisiana Dept. of Public Safety and Corrections, 2001-1145 (La.App. 1st Cir.6/21/02) 822 So.2d 712.
Defendants then filed a writ with this court which was granted. The matter was remanded to the court of appeal for “briefing, argument and opinion.” Dailey v. Travis, 03-1027 (La.6/20/03), 847 So.2d 1246.
Following briefing and argument, the court of appeal found the trial court did not err in denying the defendants’ exceptions of prematurity and rendered judgment denying the defendants’ writ application. Dailey v. Travis, 02-2051 (La.App. 1 Cir. 2/23/04), 872 So.2d 1104. Defendants applied for writ of review with this court which was granted. Dailey v. Travis, 04-0744 (La.5/14/04), 872 So.2d 527.
I ¿DISCUSSION
Defendants argue the trial court erred in holding the Pope decision nullified the entirety of CARP legislation, as well as the administrative remedies and procedures adopted pursuant to CARP. They argue the only provision that impacted the district court’s original jurisdiction was contained in LSA-R.S. 15:1177 and that provision is severable from the remainder of CARP. Additionally, defendants contend Pope did not invalidate the PLRA and the administrative remedies adopted by the Department pursuant to PLRA. The defendants argue the amendment to PLRA by 2001 La. Acts No. 801, effective June 26, 2001, applied to all prisoner suits arising under 42 U.S.C. § 1983 and that Dailey failed to exhaust administrative remedies available to her. Defendants also argue the lower courts erred in failing to retroactively apply the provisions of CARP as amended by Act 89.
Dailey maintains this court’s decision in Pope governs her case and that she was not required to exhaust administrative remedies prior to filing a tort suit in district court. She also contends amendments to CARP and PLRA should not be applied retroactively because to do so would deny her of a vested right. Additionally, Dailey argues that since she is no longer incarcerated administrative remedies no longer apply to her situation.
Resolution of the question of status must be determined as of the time the cause of action arises. The provisions of CARP define an offender as follows:
(2) “Offender” means an adult or juvenile offender who is in the physical or legal custody of the Department of Public Safety and Corrections, a contractor operating a private prison facility, or a sheriff when the basis for the complaint or grievance arises. Any subsequent event, including posttrial judicial action or release from custody, shall not affect status as an “offender” for the purposes of this Part.
LSA-R.S. 15:1174(2).
|fiA similar provision in PLRA defines prisoner as follows:
(6) “Prisoner” means any person subject to incarceration, detention, or admission to any prison who is accused of, convicted of, sentenced for, or adjudicated delinquent for a violation of criminal law or the terms or conditions of parole, probation, pretrial release, or a diversionary program. Status as a “prisoner” is determined as of the time the cause of action arises. Subsequent events, including post trial judicial action or release *21 from custody, shall not affect such status.
LSA-R.S. 15:1181(6). The fact that Dailey is no longer incarcerated has no effect on this matter.
Dailey filed suit in district court on July 12, 2001, following this court’s decision in Pope.[3] Because of this court’s holding in Pope on the date suit was filed there was no valid administrative procedure applying to tort actions. For the reasons enunciated in the matter entitled Cheron v. LCS Corrections Services, Inc., 04-CC-0703, (La.1/19/05), 891 So.2d 1250, 2005 WL 106588, we hold that the amendments to LSA-R.S. 15:1171 et seq. and LSA-R.S. 15:1181 et seq. enacted by Act 89 may not be applied retroactively to a case in which the claimant would be deprived of a vested right.
CONCLUSION
For reasons assigned in this matter, as well as the discussion in Cheron v. LCS Corrections Services, Inc., the decision of the court of appeal denying the Department’s application for writ of certiorari is affirmed.
AFFIRMED.

. Certiorari was also granted in the matter entitled Patrick R. Cheron v. LCS Corrections Services, Inc. and the State of Louisiana through the Department of Public Safety and Corrections and Warden Gary Copes, 04-CC-0703, (La.1/19/05), 891 So.2d 1250, 2005 WL 106588, decided this date in a separate opinion.

. The record reflects Dailey filed a First Step Request for administrative remedy procedure on January 8, 2001, alleging she had been refused medication and treatment for orthopedic problems. The First Step Response prepared by Helen Travis, Assistant Warden, was dated January 16, 2001, and indicates Dailey’s request was granted. The response indicates Dailey was seen by Dr. S. Suryade-vara on January 12, 2001, started on medication, placed on restricted duty, and would be seen by an orthopedic doctor.
Apparently, the appointment was not handled expeditiously and Dailey filed a Second Step Request which was undated and unsigned. That request was rejected as untimely because it was filed more than five days following receipt of the First Step Response.

. Prior to filing suit, Dailey initially filed a First Step Request for administrative remedy. She was notified by a First Step Response that her request was granted. Although the procedure in effect at that time required a Second Step request to be filed within five days of receipt of the First Step Response, there was no need for Dailey to continue with the administrative procedure as her request had been granted. When the Department failed to follow through on the scheduling of the appointment with the orthopedic specialist, Dailey attempted to file a Second Step Request which was rejected as untimely.