HIGGINBOTHAM, J.
laThis appeal challenges whether the district court properly dismissed an inmate’s petition for judicial review of a disciplinary action for lack of subject matter jurisdiction because the inmate failed to exhaust his administrative remedies prior to filing suit.
BACKGROUND
The plaintiff, Ricky Carthan, is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (“DPSC”), and is incarcerated in the Louisiana State Penitentiary (“LSP”) at Angola. In a July 29, 2014 disciplinary report, the DPSC charged Carthan with theft, a violation of Rule 22 of the DPSC Disciplinary Rules and Procedures for Adult Offenders (“Disciplinary Rules”), for allegedly admitting to possessing ten pounds of uncooked sausage that had been found within Carthan’s work area and within his immediate control. At a hearing before the Disciplinary Board on July 31, 2014, Car-than pled not guilty and denied both the credibility of the accusing officer and the contents of the disciplinary report. Additionally, the Disciplinary Board denied several of Carthan’s motions where he sought copies of LSP’s kitchen inventory and “pull-sheet,” as well as a picture of the purported stolen sausage. The Disciplinary Board found Carthan guilty of theft and imposed a sentence that included a change in custody from minimum to medium security and restitution in the amount of $10.80 for the stolen sausage.
Carthan timely appealed the Disciplinary Board decision to the LSP Warden, which was accepted and assigned for review on August 25, 2014. In his appeal to the Warden, Carthan argued that he was' denied his right to present available evidence on his behalf and as a result, his due process rights had been violated at the Disciplinary Board hearing. On September 24, 2014, Carthan was notified that a response to his appeal would be delayed beyond the thirty-day period required by the Disciplinary Rules. However, before the Warden issued a decision on Carthan’s [3appeal, Carthan filed a petition for judicial review in the Nineteenth Judicial District Court (19th JDC) on January 29, 2015. In his petition, Carthan sought ex-pungement of the theft charge from his disciplinary record, a reinstatement of his privileges, and a refund of the restitution amount, alleging that he was entitled to that relief because the Warden had failed to issue a timely decision regarding his pending appeal as mandated by the Disciplinary Rules.
On April 7, 2015, the Warden issued a written decision denying Carthan’s appeal, finding no merit to Carthan’s arguments and concluding that Carthan had failed to *526 refute the theft charge. Carthan acknowledged receipt of the Warden’s appeal decision on April 15, 2015, but the appellate record before us does not clearly reveal whether Carthan appealed the decision of the Warden to the DPSC Secretary, as required by the Disciplinary Rules. The record contains two copies of the Warden’s decision, with one copy devoid of any indication that Carthan was dissatisfied with the result, and a second copy signed and checked by Carthan on April 15, 2015, indicating that he desired an appeal to the Secretary. However, the record does not contain any ruling or action, pending or otherwise, taken by the Secretary.
Four months after the Warden’s decision was issued, Carthan filed a motion in the district court, requesting that the DPSC show cause why his petition for judicial review should not be granted. The Commissioner of the 19th JDC issued a mandamus service order on September 4, 2015, ordering that a copy of Carthan’s petition be served on the DPSC. The DPSC responded by filing a motion to dismiss Carthan’s petition for judicial review due to Carthan’s acknowledged failure to exhaust administrative remedies. Carthan filed an objection to the DPSC’s motion to dismiss, arguing that the DPSC had not notified him of any need of an extension for the Warden’s thirty-day appeal response period.
^Approximately five months later, Car-than requested a status conference in the district court. At that point, the Commissioner for the 19th JDC[1] issued a screening report on April 21, 2016, recommending that the DPSC’s motion to dismiss be granted, and Carthan’s petition be dismissed without prejudice for lack of subject matter jurisdiction, based on Car-than’s failure to exhaust administrative remedies. Carthan filed a traversal, but the district court rendered judgment on May 31, 2016, adopting the Commissioner’s recommendation and dismissing Car-than’s petition in accordance with La. R.S. 15:1172(C). Carthan appeals, arguing that the district court erred in deciding that it did not have subject matter jurisdiction in this case, because the Warden did not respond to his administrative appeal within the delays allowed by the DPSC’s procedural rules and thus, he should be considered to have exhausted his administrative remedies.
DISCUSSION
The DPSC has promulgated rules for the handling of prisoner disciplinary matters entitled Disciplinary Rules and Procedures for Adult Offenders, found in Title 22, Part 1, Sections 341 et seq,, of the Louisiana Administrative Code (“LAC”).[2] The Disciplinary Rules provide certain procedural requirements for appeals of decisions issued by the Disciplinary Board, which is also referred to as the “high court.” See LAC 22:1.341(H). The Disciplinary Rules mandate that “[a]ll appeal requests on high court cases shall be to the [Wjarden” and the Warden “will decide all appeals within 30 calendar days of the date of receipt of the appeal and the offender will be promptly notified in writing of the results (unless circumstances warrant an extension of that time period and the of *527 fender is notified accordingly).” | SLAC 22:1.341(H)(l)(b)(i) and (iv). Further, when an inmate is dissatisfied with the Warden’s appeal decision, another administrative step is necessary by “appeal [of] the decision of the [W]arden to the [Secretary and [the inmate] must indicate that he is ‘not satisfied’ in the appropriate box on the appeal decision form.” LAC 22:1.341 (H)(1)(c)®. In addition, “appeals regarding restitution assessments may be submitted to the [Secretary ... [and] [t]he appeal of such assessments must be submitted in accordance with established policy and procedures.” LAC 22:1.341(H)(l)(c)(viii).
The record reveals that Carthan timely submitted an appeal of the Disciplinary Board decision to the Warden, which was accepted on August 25, 2014. On September 24, 2014, Lieutenant L. Roblin, of the “Disciplinary Appeals” section of the “Legal Programs” at LSP sent a letter to Carthan, stating:
Please be advised that the above referenced [Warden] appeal has been received. However, the response in the captioned appeal has been delayed beyond the thir[t]y day period. The appeal will be rev[ie]wed and you will receive a response as soon as possible. I regret the delay. Be assured that this office is doing everything possible to expedite the response.
This notice is being provided to you in accordance with page 13 of the DISCIPLINARY RULES AND PROCEDURES FOR ADULT OFFENDERS, AUGUST 2013.
[Emphasis added.]
Carthan does not actually dispute receipt of the delay notice, but he mistakenly identifies the date of the notice as September 24, 2015. Carthan contends that because he did not receive the Warden’s response within the thirty-day time period contained in the Disciplinary Rules, he should be considered as having exhausted his administrative remedies, thus entitling him to judicial review.
The record clearly reflects, however, that Carthan was timely notified of the delay on September 24, 20U, not 2015. Therefore, when Carthan filed his petition for judicial review on January 29, 2015, before the Warden issued a decision on | April 7, 2015, he had obviously not exhausted his administrative remedies. Furthermore, this court recognized in Moreau v. Louisiana Dept. of Public Safety and Corrections, 2007-1430 (La.App. 1 Cir. 2/8/08), 2008 WL 426477, *2 (unpublished), that the Disciplinary Rules do not allow provision for an inmate to automatically move on to judicial review at the expiration of any particular time limit where a disciplinary action has been initiated by prison officials, rather than a grievance process that is instituted by an inmate. See also Simmons v. Louisiana Dept. of Public Safety and Corrections, 2015-0676 (La.App. 1 Cir. 11/6/15), 2015 WL 6872489, *3 (unpublished).
Additionally, the Louisiana Legislature has unambiguously decreed that “[i]f at the time the petition [for judicial review] is filed the administrative remedy process is ongoing but has not yet been completed, the suit shall be dismissed without prejudice.” [Emphasis added.] La. R.S. 15:1172(C).[3] Carthan failed to complete the administrative remedy appeal process provided to him within the DPSC’s Disciplinary Rules and the Corrections Ad *528 ministrative Remedy Procedure, La. R.S. 15:1171 et seq., prior to filing his petition for judicial review. Therefore, the district court correctly dismissed his petition.
CONCLUSION
For the stated reasons, the district court’s May 31, 2016 judgment is hereby affirmed. Costs of this appeal are assessed against appellant, Ricky Carthan. .
AFFIRMED.

. The office of Commissioner of the 19th JDC was created, in part, to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. See La. R.S. 13:713(A).

. The Disciplinary Rules were amended in December 2013 and May 2014, and were re-promulgated in June 2014. Because Carthan's alleged offense and the disciplinary proceedings at issue took place in July 2014, we cite the version of the rules as they existed at that time.

. An administrative remedy procedure is the exclusive remedy for disposing of complaints by inmates against the DPSC that arise while the inmate is within the custody or under the supervision of the DPSC. See La. R.S. 15:1172. See also Hull v. Stalder, 2000-2730 (La.App. 1 Cir. 2/15/02), 808 So.2d 829, 831-32.