762 So.2d 144 (2000)
James FREDERICK
v.
Richard IEYOUB, Attorney General; State of Louisiana.
No. 99 CA 0616.
Court of Appeal of Louisiana, First Circuit.
May 12, 2000.
*145 James Frederick, Appellant, Pro-se.
*146 William Kline, Baton Rouge, Counsel for Defendant-Appellee, Richard Ieyoub, Attorney General; State of Louisiana.
Before BROWN, GASKINS and PEATROSS, JJ. (PRO TEMPORE).
BROWN, J. Pro Tempore.
James Frederick, a prison inmate, brought an action challenging the constitutionality of La.R.S. 15:571.5 on substantive due process and equal protection grounds.
In his petition, plaintiff states that he was convicted of attempted second degree murder and sentenced on September 21, 1993 to 15 years at hard labor. Plaintiff signed a "Good Time Rate Option and Approval Form" to become eligible for good time, that is, 30 days for every 30 days in custody. In the document plaintiff recognizes that if he is approved for this rate of good time, he would not receive incentive wages or be deemed indigent. He was approved and his adjusted release date was computed to be July 5, 2000. He was advised that he must sign a certificate agreeing to all the conditions listed and that if he refused to sign that, he would have to serve until April 2, 2008, his full term date. Plaintiff objected, however, to the parole conditions.
La.R.S. 15:571.5 provides:
A. (1) When a prisoner committed to the Department of Public Safety and Corrections is released because of diminution of sentence pursuant to this Part, he shall be released as if released on parole.

(2) At least three months prior to the anticipated release due to diminution of sentence, the secretary of the department shall notify the parole board and provide such information as is necessary to allow the board to establish such conditions as provided in R.S. 15:574.4(H) as may be reasonably necessary to facilitate supervision. If diminution of sentence is not prohibited by R.S. 15:571.3(C)(1) and the sentence is for a sexual offense as enumerated in R.S. 15:574.4(H)(2), then the provisions of R.S. 15:574.4(H)(2)(a) and (b) and (3) apply.
B. (1) Before any prisoner is released on parole upon diminution of sentence, he shall be issued a certificate of parole that enumerates the conditions of parole. These conditions shall be explained to the prisoner and the prisoner shall agree in writing to such conditions prior to his release on parole.

(2) The person released because of diminution of sentence pursuant to this Part shall be supervised in the same manner and to the same extent as if he were released on parole. The supervision shall be for the remainder of the original full term of sentence. If a person released because of diminution of sentence pursuant to this Part violates a condition imposed by the parole board, the board shall proceed in the same manner as it would to revoke parole to determine if the release upon diminution of sentence should be revoked.
C. If such person's parole is revoked by the parole board for violation of the terms of parole, the person shall be recommitted to the department for the remainder of the original full term. (Emphasis added.)
Plaintiff's demand that he be released without parole was denied by the Department of Public Safety under its administrative remedy procedure. On October 23, 1998, plaintiff filed a petition in the district court for judicial review of that decision pursuant to La. R.S. 15:1177. Plaintiff claims in his petition that La. R.S. 15:571.5 is unconstitutional in that the parole requirement deprives him of his liberty and property interests without a valid and legitimate state interest or purpose in violation of the Fourteenth Amendment of the United States Constitution and Article 1, § 2 of the Louisiana Constitution. Plaintiff further claims that the state has no legitimate interest or purpose in subjecting him to the parole mandates of La. R.S. 15:571.5 because "numerous habitual, sexual *147 and violent offenders are released ... every year without any type of parole supervision." Plaintiff also claims that the good time he has earned and paid for is protected by the due process clause of the Fourteenth Amendment of the United States Constitution. Plaintiff further complains that good time credits should reduce the length of his original sentence.
The Prison Litigation Reform Act ("PLRA") requires the district court to "screen" such filings prior to service of the petition to determine whether they present a cause of action or "cognizable claim." The trial court adopted the written recommendation of the screening commissioner and dismissed plaintiff's petition with prejudice as frivolous and for its failure to state a cognizable claim or action. The trial court ordered the judgment to be considered a "strike" as provided in La.R.S. 15:1187. Plaintiff appeals from this judgment. For the following reasons, we affirm in part and reverse in part.

DISCUSSION

Constitutional Claims
In the screening process, the court must accept the well-pleaded allegations as true, and the issue is whether, based on the allegations presented in the petition alone, the plaintiff is entitled to the relief sought. La.C.C.P. art. 927(A)(4); Thomas v. Armstrong World Industries, Inc., 95-2222 (La.App. 1st Cir.06/28/96), 676 So.2d 1185, writ denied, 96-1965 (La.11/01/96), 681 So.2d 1272. Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding that a cause of action has been stated. Thomas, supra. Thus, the issue is whether plaintiff is entitled to have La.R.S. 15:571.5 declared unconstitutional on the allegations presented in his petition.
In determining the validity of plaintiff's constitutional claims, we begin with the well-settled principle that all statutory enactments are presumed to be constitutional. Polk v. Edwards, 626 So.2d 1128 (La.1993). The party challenging the constitutionality of a statute bears the burden of proving the statute to be unconstitutional. State v. Chester, 97-2790 (La.12/01/98), 724 So.2d 1276; State v. Wilson, 96-1392, 96-2076 (La.12/13/96), 685 So.2d 1063. Statutes are presumed valid and their constitutionality should be upheld whenever possible. State v. Byrd, 96-2302 (La.03/13/98), 708 So.2d 401. Because of these rules of construction, the party attacking the act must establish clearly and convincingly that the constitutional aim was to deny the legislature the power to enact the statute. Polk, supra.

Substantive Due Process
Plaintiff urges that La.R.S. 15:571.5 constitutes an unreasonable use of the legislature's police powers and, as such, is arbitrary, capricious and in violation of substantive due process under the Fourteenth Amendment of the United States Constitution and Article I, § 2 of the Louisiana Constitution. He further contends that La.R.S. 15:571.5 deprives him of his property rights and liberty interests with regards to the good time credit that he has earned and paid for by giving up incentive wages.
Louisiana Constitution Article I, § 2 provides that no person shall be denied life, liberty, or property without due process of law. The substantive component of the federal due process clause prohibits a governmental entity from enacting legislation which bears no relationship to the "public health, safety, morals, or general welfare," and thus is beyond the government's police power. See Standard Materials Inc. v. Slidell, 96-0684 (La.App. 1st Cir.09/23/97), 700 So.2d 975. Article I, § 2 of the Louisiana Constitution has been recognized as the source of substantive due process protection under the Louisiana Constitution. Standard Materials Inc., supra.
Plaintiff's substantive due process challenge involves a claim that La.R.S. 15:571.5 *148 is an action by state government which interferes with his property and liberty interests in an arbitrary and capricious manner. Plaintiff must first establish the existence of a constitutionally protected property or liberty interest. Id. If plaintiff establishes the existence of a constitutionally protected property or liberty interest, he must then establish that the conduct by the state was arbitrary and capricious. Id.
The district court did not dispute that plaintiff has a due process right to good time once it has been earned or credited. Plaintiff does not claim that he has forfeited or lost any of his good time credit. The issue is whether plaintiff has a due process "liberty" interest in being released without the conditions associated with parole supervision.
A prisoner who has been properly convicted has no constitutional or inherent right to early release from a valid sentence. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). However, the state may create an expectancy entitled to constitutional protection. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).
Plaintiff has failed to show that the state has created an expectancy of early release without parole supervision. Pursuant to La.R.S. 15:571.5, all prisoners who are released early because of diminution of sentence are subject to the provision that they be released on parole. Tauzier v. Cain, 96-1934 (La.App. 1st Cir.06/20/97), 696 So.2d 650. Furthermore, La.R.S. 15:571.5 was in effect at the time that plaintiff was sentenced and has been in effect throughout his incarceration. Therefore, plaintiff could not have had an expectancy that he would be released for diminution of sentence without parole supervision. Consequently, plaintiff has no liberty interest in being released for diminution of sentence without parole supervision and, therefore, fails to state a violation of his substantive due process rights.
Based on the allegations pled in plaintiff's petition, he is not entitled to have La.R.S. 15:571.1 declared unconstitutional on substantive due process grounds and therefore fails to state a cause of action.

Equal Protection
The equal protection provisions of the state and federal constitutions do not require absolute equality or precisely equal advantages. Ross v. Moffitt, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); McCormick v. Hunt, 328 So.2d 140 (La.1976).
The equal protection clause of the United States constitution allows states considerable leeway to enact legislation that may appear to affect similarly situated people differently and legislatures are assumed to have acted constitutionally. Clements v. Fashing, 457 U.S. 957, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982). Absent a "suspect class" of persons or a "fundamental right," classifications are set aside only if they are based solely on reasons totally unrelated to the pursuit of the state's goals and only if no grounds can be conceived to justify them. Clements, supra. Plaintiff has not alleged nor is he a member of a suspect class. McGinnis v. Royster, 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973).
The Louisiana Supreme Court has articulated three types of legislative classifications of individuals and the standard of review and the burden of proof applicable to each under Article I, § 3 of the Louisiana Constitution. Pierre v. Administrator, Louisiana Office of Employment Security, 553 So.2d 442 (La.1989); Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094 (La.1985), on rehearing. In the instant case, the law in question does not classify individuals by race or religious beliefs, nor does it classify persons on the basis of birth, age, sex, culture, physical condition or political ideas or affiliations. Therefore, plaintiff must show that the law does not further any *149 appropriate state interest. Sibley, supra. Where no suspect class or fundamental right is involved, the standard of review under the Louisiana and United States Constitutions is essentially the same, i.e., the legislative classification must be rationally related to a legitimate state purpose. Pierre, supra.
Plaintiff's argument is essentially that there are other prisoners who have committed "more serious crimes" who are released from custody without parole supervision. Plaintiff fails to understand that good time credits do not reduce the lenth of his original sentence. Plaintiff, through good time, was given the option of serving his entire sentence in the physical custody of the DOC or being released early from physical custody on "parole supervision."
We find that a rational basis exists for the parole requirement for prisoners who are released early through diminution of sentence for good time under La.R.S. 15:571.5. Plaintiff is required to serve his entire sentence and can do so either in actual physical custody or under supervision. The purpose of the award of good time is to serve as a disciplinary tool. Townley v. Louisiana Department of Public Safety and Corrections, 97-1648 (La. App. 1st Cir.06/29/98), 715 So.2d 150. Thus, because a rational basis exists for the classification of prisoners pursuant to La.R.S. 15:571.5, plaintiff fails to state a cause of action as to his equal protection claim.

Amendment of Petition
Plaintiff contends that the trial court erred in dismissing his petition with prejudice without first allowing him to amend it.
La.C.C.P. art. 934 provides
[w]hen the grounds of the objection pled by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
Even if a petition fails to state a cause of action, the plaintiff should be allowed to amend his demand if the grounds of the objection can be removed by amendment. However, where the grounds for the objection cannot be removed by amendment, the trial court is not required to allow the pleadings to be amended. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010 (La.App. 1st Cir.03/27/97), 691 So.2d 751, writ denied, 97-1066 (La.06/13/97), 695 So.2d 982. The decision to allow amendment is within the sound discretion of the trial court. Prudential Insurance company of America v. CC & F Baton Rouge Development Company, 93-2074 (La.App. 1st Cir.10/07/94), 647 So.2d 1131.
Plaintiff has failed to allege any grounds which would cure the objection noticed by the trial court. No amendment by plaintiff could possibly cure the deficiencies in his substantive due process and equal protection analysis. Therefore, a remand to allow plaintiff to amend would be useless and the trial court correctly dismissed plaintiff's claims.

Strike
Plaintiff contends that the dismissal of his lawsuit should not have been considered a strike pursuant to the PLRA. First, plaintiff claims that the PLRA does not apply to his petition because he is not challenging "the condition of his confinement or the effects of actions by government officials." Plaintiff argues that he is challenging the duration of his custody and not a condition of his confinement. We agree.
The provisions of LSA-R.S. 15:1187 state:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding in forma pauperis if the prisoner has, on three or more prior occasions while incarcerated or detained *150 in any facility, brought an action or appeal in a state court that was dismissed on the grounds that it was frivolous, was malicious, failed to state a cause of action, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
The PLRA was enacted by Acts 1997, No. 731, § 1, and became effective on July 9, 1997. The purpose of enacting the PLRA was to provide for civil actions with respect to prison conditions. The definition provision of the PLRA, La.R.S. 15:1181, shows that the legislative intent was to provide for civil actions with respect to prison conditions or effects of officials' actions on prisoners' lives, as opposed to matters concerning incarceration vel non.
The language of La.R.S. 15:1187, when read in the context of the PLRA as a whole, indicates that the sanction is not to apply to all types of civil actions that a prisoner possibly could bring, but only those with respect to prison conditions or officials' actions affecting the lives of those confined in prison. Thus, an action concerning supervision of a person no longer incarcerated does not appear to be an action that might trigger the sanction. Certainly, the sanction would not appear to apply if a person waited until after release from incarceration (even if still on parole) to bring the action.
The legislative intent of enacting the PLRA and the definition section of the act create, at the very least, an ambiguity as to whether the sanction provisions in La.R.S. 15:1187 are to apply to all civil actions filed by prisoners who are incarcerated or detained, or just to those civil actions that challenge a condition of their confinement or the effects of actions by government officials on their lives. Furthermore, statutes that authorize the imposition of penalties or sanctions are penal in nature and are to be strictly construed. Consolidated Distributors, Inc. v. United Group of National Paper Distributors, Inc., 32,431 (La.App.2d Cir.10/27/99), 743 So.2d 862, writ denied, 97-2476 (La.12/12/97), 704 So.2d 1207. Accordingly, we conclude the trial court should not have found that plaintiff's suit was a strike under the PLRA.
Because we have determined that the PLRA does not apply to plaintiff's suit, there is no need to discuss his other arguments regarding this issue. That portion of the trial court's judgment assessing a "strike" against plaintiff is hereby reversed.

CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed in part and reversed in part. All costs are assessed to appellant, James Frederick.
AFFIRMED IN PART; REVERSED IN PART.