843 So.2d 413 (2002)
Reginald BERNARD
v.
LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al.
No. 2000 CA 1912.
Court of Appeal of Louisiana, First Circuit.
September 20, 2002.

ON REHEARING
PER CURIAM.
The Louisiana Department of Public Safety and Corrections (the Department) applied for a rehearing, alleging our original opinion was in error regarding our interpretation of the screening provisions of Louisiana Revised Statute 15:1188 as applied by the district court in this case. While the Department's application for rehearing was pending, an additional decision, which affects our original opinion, was rendered by this court. See Madison v. Ward, 00-2842 (La.App. 1st Cir.7/3/02), 825 So.2d 1245 (en banc). In addition, the legislature enacted 2002 La. Acts, 1st Ex. Sess., No. 89 (Act 89), effective April 18, 2002, which addresses a number of matters pertinent to prisoner litigation. Accordingly, we granted a rehearing without oral argument in order to examine our original *414 opinion in the light of these recent developments.
We note first that Bernard claims habeas corpus relief should be granted to him under the authority of Louisiana Code of Criminal Procedure article 362(2), which allows relief if the original custody was lawful, but by some act, omission, or event which has since occurred, the custody has become unlawful. Bernard contends the application of an allegedly unconstitutional statute to return him to custody on a parole violation is the act that has occurred since his original custody, making his current custody unlawful. We note first that under Madison, Article 362(2) claims arise from a criminal proceeding and are governed by the procedures in Louisiana Code of Criminal Procedure articles 352, et seq. A prisoner claiming he is entitled to immediate release on such grounds must raise his challenge by a writ of habeas corpus under the criminal jurisdiction of the appropriate district court. Madison, 825 So.2d at 1254. The district court's denial of such a claim is not appealable; review by this court would be by supervisory writ only. LSA-C.Cr.P. art. 369; Madison, 825 So.2d at 1250.
However, after further review of Bernard's claim, we conclude it was not one that could properly be raised through post-conviction habeas under Article 362(2). The statute that he claims is unconstitutional on its face or as applied to him has never been declared unconstitutional. Rather, as the commissioner noted in the screening recommendation, Louisiana Revised Statute 15:571.5 has been upheld in a number of cases that challenged its constitutionality. Therefore, the triggering event-application of an unconstitutional statutefor a habeas corpus claim under Article 362(2) has not occurred. Accordingly, Bernard's claim does not meet the criteria for classification as a true writ of habeas corpus.
Bernard's claim was initiated as a civil action seeking redress from a governmental entity. In Madison, this court observed that an alleged violation of a constitutionally protected right could be raised in a separate suit invoking the district court's original jurisdiction. Treating Bernard's claim as such a suit, the screening provisions of § 1188 were correctly applied by the district court,[1] acting under its original jurisdiction, and the district court's judgment of dismissal is appropriate for appellate review by this court. As noted in our original opinion, the commissioner's recommendation thoroughly analyzed the substantive merits of Bernard's constitutional claims. We find no legal error in that analysis; the district court's dismissal of Bernard's claims was legally correct.

CONCLUSION ON REHEARING
For the foregoing reasons, we set aside that portion of our original opinion that reversed the judgment of the district court and remanded this matter for further proceedings. On rehearing, the judgment of the district court dismissing Bernard's claims is affirmed. All costs of this appeal are assessed against Bernard.
AFFIRMED.
NOTES
[1] In our original opinion, we limited the application of § 1188 to a "prisoner suit," as that term is defined in Louisiana Revised Statute 15:1181(2). We retract that portion of our original opinion imposing such a limitation, and we agree with the Department that the coverage of § 1188 is much broader and specifically applies to "a petition in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Bernard's suit is such a civil action.