886 So.2d 455 (2004)
Rick FERRINGTON
v.
LOUISIANA BOARD OF PAROLE and Louisiana Department of Public Safety and Corrections.
No. 2003 CA 2093.
Court of Appeal of Louisiana, First Circuit.
June 25, 2004.
*456 Rick Ferrington, Homer, Pro Se.
Robert B. Barbor, Baton Rouge, for Defendants/Appellees, Louisiana Department of Public Safety and Corrections and Board of Parole.
Before: WHIPPLE, KUHN and MCDONALD, JJ.
WHIPPLE, J.
Rick Ferrington, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (the DPSC), appeals a judgment of the district court dismissing his petition for writ of habeas corpus and judicial review, on the basis of Ferrington's failure to exhaust administrative remedies. For the following reasons, we amend.

FACTS AND PROCEDURAL HISTORY
On May 30, 2002, Ferrington filed an application for writ of habeas corpus and petition for judicial review, naming as defendants the DPSC and the Louisiana Board of Parole (Parole Board).[1] In his pleadings, Ferrington claimed that, although his confinement was originally lawful, because of an intervening series of circumstances and the application of an allegedly unconstitutional statute, the custody had become unlawful. Specifically, as alleged by Ferrington and established by the record on appeal, Ferrington was sentenced in 1991 to twelve years at hard labor for a conviction of simple burglary. He was eligible for a reduction of his sentence by earning "good time" credit, and he opted to receive "double good time" at the rate of thirty days for every thirty days spent in actual custody in lieu of wages. See LSA-R.S. 15:571.3.
In 1997, after serving six years in prison, Ferrington was released due to diminution of sentence "as if released on parole," and was placed under parole supervision for the remainder of the original full term of his sentence, pursuant to LSA-R.S. 15:571.5. Under that statute, if the released person violates a condition of parole, the Parole Board can revoke the release and recommit the person to custody for the remainder of the original full term of the sentence. In 2001, Ferrington's parole was revoked due to his being convicted of a new felony while on parole.
*457 In his pleadings filed in the district court below, Ferrington alleged the unconstitutionality of LSA-R.S. 15:571.5, insofar as it required that he be released "as if on parole" where his release was based on the accrual of good time credits and contended that its application herein accordingly resulted in a deprivation of his constitutional rights. He requested that the court issue a writ of habeas corpus and order his release from further custody.
In response to Ferrington's pleadings, the DPSC and the Parole Board filed a motion to dismiss Ferrington's suit, contending that Ferrington had failed to exhaust administrative remedies available to him through the DPSC's Administrative Remedy Procedure for Adult Inmates, as required of an inmate prior to filing to suit. See LSA-R.S. 15:1172(B). The DPSC and the Parole Board further averred that, in accordance with earlier rulings of the district court in other cases wherein the court rejected identical arguments, Ferrington's suit should be dismissed.
The district court rendered judgment in accordance with the recommendation of the commissioner and dismissed Ferrington's suit without prejudice on the basis that Ferrington had failed to exhaust administrative remedies. From this judgment, Ferrington appeals.

DISCUSSION
On appeal, Ferrington contends that the district court erred in finding that his claim was governed by the Corrections Administrative Remedy Procedure (CARP), LSA-R.S. 15:1171, et seq. Ferrington asserts that his claim is not a time computation complaint as stated by the commissioner, but, instead, his claim is a habeas corpus application challenging the defendants' legal authority to place him on supervised release and to revoke his release, a claim not subject to administrative remedies.
We agree with Ferrington that his claim herein is not governed by CARP under LSA-R.S. 15:1171-1179. As noted by this court in Madison v. Ward, 2000-2842, p. 6 (La.App. 1st Cir.7/3/02), 825 So.2d 1245, 1251 (en banc), LSA-R.S. 15:1171(B) grants authority to the DPSC and to each sheriff to adopt administrative remedy procedures in compliance with federal law to receive, hear and dispose of all offender "complaints and grievances." CARP is currently the exclusive remedy by which an offender may challenge the DPSC's time computations relative to good time, even where an inmate incorrectly labels his claim a writ of habeas corpus. LSA-R.S. 15:1171(B); Madison, 2000-2842 at pp. 6-7 & n. 9, 825 So.2d at 1251-1252 & n. 9. However, where a prisoner claims he is entitled to immediate release under LSA-C.Cr.P. art. 362 (on grounds other than those relative to time computations), his challenge is properly raised by a writ of habeas corpus under the criminal jurisdiction of the appropriate district court. Madison v. Ward, 2000-2842 at p. 11, 825 So.2d at 1254.
Nonetheless, Madison does not end our analysis. In Bernard v. Louisiana Department of Public Safety and Corrections, XXXX-XXXX, p. 2 (La.App. 1st Cir.9/20/02), 843 So.2d 413, 414 (on rehearing), writ denied, 2002-2613 (La.1/9/04), 862 So.2d 975, an inmate whose parole had been revoked challenged LSA-R.S. 15:571.5's requirement that an inmate released pursuant to good time credits be released "as if released on parole," just as Ferrington has challenged herein. While noting this court's en banc opinion in Madison, another panel of this court found that the inmate's claim was not truly a habeas corpus claim. Bernard, XXXX-XXXX at p. 2, 843 So.2d at 414. The Bernard court noted *458 that the statute, LSA-R.S. 15:571.5, which the inmate challenged as unconstitutional on its face or as applied to him, had never been declared unconstitutional, but rather, had been upheld in a number of cases. Thus, the court concluded that the triggering event for a habeas corpus claim, i.e., the application of an unconstitutional statute, had not occurred. Accordingly, the Bernard court held that the inmate's claim did not meet the criteria for classification as a true writ of habeas corpus. Bernard, XXXX-XXXX at p. 2, 843 So.2d at 414.
Likewise, in the instant case, we conclude that, while not a claim governed by CARP, Ferrington's claim is also not one that could be raised through post-conviction habeas corpus under LSA-C.Cr.P. art. 362(2) in that LSA-R.S. 15:571.5 has been upheld on numerous occasions and, thus, there was no application of a statute declared unconstitutional to trigger a true habeas corpus claim. See Bernard, XXXX-XXXX at p. 2, 843 So.2d at 414.
Rather, as instructed by this court in its en banc consideration in Madison, such a claim involving a liberty interest or asserting deprivation of a constitutionally protected right is a traditional civil matter over which the district court retains original jurisdiction. See Madison, 2000-2842 at p. 10, 825 So.2d at 1254; Bernard, XXXX-XXXX at pp. 2-3, 843 So.2d at 414; see also Hull v. Stalder, 2000-2730, p. 5 (La.App. 1st Cir.2/15/02), 808 So.2d 829, 832. Thus, Ferrington's claim herein should have been considered by the district court acting under its original jurisdiction. Bernard, XXXX-XXXX at pp. 2-3, 843 So.2d at 414. The district court erred in ruling that his claim was governed by CARP and should be dismissed for failure to exhaust administrative remedies.
Nonetheless, because Ferrington's claim was initiated as a civil action by a prisoner seeking redress from a governmental entity, his claim was subject to the screening provisions of the Prison Litigation Reform Act (PLRA), LSA-R.S. 15:1188. See Bernard, XXXX-XXXX at pp. 2-3, 843 So.2d at 414. Louisiana Revised Statute 15:1188(A) provides, as follows:
The court shall review, before docketing if feasible or, in any event, before service on the defendants, a petition in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court shall identify cognizable claims or dismiss the petition, or any portion of the petition, if the petition is frivolous, is malicious, fails to state a cause of action, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief can be granted.
After reviewing the instant matter pursuant to the PLRA, the commissioner ordered the Clerk of Court to proceed with service of Ferrington's pleadings upon defendants. However, we conclude that under the facts as presently alleged herein, Ferrington has failed to state a cause of action, and his suit should have been dismissed accordingly. This court, as an appellate court, has authority to raise an exception of no cause of action on its own motion, and, accordingly, we do so herein. LSA-C.C.P. art. 927(B); Colquitt v. Claiborne Parish Louisiana, 36,260, p. 3 (La.App. 2nd Cir.8/14/02), 823 So.2d 1103, 1105.
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations presented. Industrial Companies, Inc. v. Durbin, XXXX-XXXX, p. 6 (La.1/28/03), 837 So.2d 1207, 1213. No evidence may be introduced to support or *459 controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931. Therefore, the court reviews the petition and accepts the well-pleaded allegations of fact as true, and the issue at trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. B & C Electric, Inc. v. East Baton Rouge Parish School Board, XXXX-XXXX, p. 4 (La.App. 1st Cir.5/9/03), 849 So.2d 616, 619.
Even accepting the allegations of Ferrington's pleadings as true, it is plain that Ferrington is not legally entitled to the relief sought, i.e., to have LSA-R.S. 15:571.5 declared unconstitutional and to be immediately released from prison. This court has previously upheld the constitutionality of LSA-R.S. 15:571.5 and has rejected many of the arguments made by Ferrington herein. See Frederick v. Ieyoub, 99-0616 (La.App. 1st Cir.5/12/00), 762 So.2d 144, writ denied, XXXX-XXXX (La.4/12/01), 789 So.2d 581 (rejecting substantive due process and equal protection challenges to LSA-R.S. 15:571.5); State v. Duncan, 98-1730, pp. 3-6 (La.App. 1st Cir.6/25/99), 738 So.2d 706, 709-710 (holding that loss of previously earned good time credit does not constitute multiple punishment for the same offense and therefore does not constitute double jeopardy); Tauzier v. Cain, 96-1934 (La.App. 1st Cir.6/20/97), 696 So.2d 650 (rejecting ex post facto challenge to LSA-R.S. 15:571.5); and Bancroft v. Louisiana Department of Corrections, 93-1135 (La.App. 1st Cir.4/8/94), 635 So.2d 738 (rejecting arguments of duress, ex post facto violation and breach of contract). Accordingly, we conclude that even accepting the allegations of Ferrington's pleadings as true, he has failed to state a cause of action in that he is not legally entitled to the relief sought. See Frederick, 99-0616 at p. 7, 762 So.2d at 149.
While it is true that where a petition fails to state a cause of action, a plaintiff should be allowed to amend his demand if the grounds of the objection can be removed by amendment, LSA-C.C.P. art. 934; Frederick, 99-0616 at p. 7, 762 So.2d at 149, we conclude that no amendment could possibly cure the deficiencies in Ferrington's claims. Accordingly, Ferrington's claims should have been dismissed with prejudice.

CONCLUSION
For the above and foregoing reasons, the May 27, 2003 judgment of the trial court is amended to reflect that Ferrington's claims are dismissed with prejudice on the basis that Ferrington has failed to state a cause of action. Costs of this appeal are assessed against Rick Ferrington.
AMENDED.
NOTES
[1] In his petition for judicial review, Ferrington acknowledged that he had not presented his complaint through the prisoners' grievance procedure, as required prior to filing a petition for judicial review, see LSA-R.S. 15:1172(B), but, instead, referred the court to his application for writ of habeas corpus.