# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1290


**CHARLES CUTLER**

**VERSUS**

**BETH MCGEE, ET AL.**


************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2008-3397
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

************

## DAVID E. CHATELAIN[*]
## JUDGE

************

Court composed of Sylvia R. Cooks, James T. Genovese, and David E. Chatelain, Judges.


**AFFIRMED IN PART; REVERSED IN PART;
AND REMANDED FOR FURTHER PROCEEDINGS.**

**Charles Cutler**
**Pine Prairie Correctional Center**
**Post Office Box 650**
**Pine Prairie, Louisiana 70576**
**(337) 527-0587**
**Plaintiff/Appellant, In Proper Person**

**Gregory W. Belfour**
**Jones, Tete, Fonti & Belfour, L.L.P.**
**Post Office Box 1930**
**Lake Charles, Louisiana 70602**
**(337) 439-8315**
**Counsel for Defendant/Appellee:**
    **City of Sulphur**

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Elizabeth B. Hollins**
**Assistant Attorney General**
**Louisiana Department of Justice**
**Division of Risk Litigation**
**One Lakeshore Drive, Suite 1200**
**Lake Charles, Louisiana  70629**
**(337) 491-2880**
**Counsel for Defendant/Appellee:**
      **State of Louisiana, Department of Public Safety & Corrections**
      **Beth McGee**
      **State of Louisiana, Probation & Parole Board**

**Leah White**
**Attorney at Law**
**1827 Ryan Street**
**Lake Charles, Louisiana  70601**
**(337) 439-9900**
**Defendant/Appellee, In Proper Person**

**CHATELAIN, Judge Pro Tempore.**

The plaintiff, an inmate in the custody of the Louisiana Department of Public Safety and Corrections, filed suit against his parole officer, the State of Louisiana, through the Department of Public Safety and Corrections, Board of Parole, as her employer (the State), and police officers employed by the City of Sulphur along with the City of Sulphur as their employer (the City), complaining that his parole officer and the police officers engaged in negligent and criminal acts that resulted in his parole being revoked, which caused him to suffer "hardship and money loss." The plaintiff also named the attorney he hired to represent him in the parole revocation proceeding as a defendant, complaining that she was negligent in her representation of him, that he was damaged by her negligence, and that he should be compensated for his damages.

All the defendants filed exceptions. The trial court granted exceptions in favor of each defendant and dismissed all of the plaintiff's claims against them; however, the plaintiff was granted leave to amend his claims against his attorney.

The plaintiff appeals all the dismissals the trial court granted. For the reasons discussed below, we dismiss the plaintiff's appeal of the dismissal of his claims against the City and his attorney, reverse the trial court's dismissal of the plaintiff's claims against the State, and remand this matter for further proceedings.

## FACTS

The plaintiff alleged in his petition for wrongful acts that pursuant to a false complaint his girlfriend made to the City's police department, police officers employed by the City and Beth McGee, his parole officer, illegally entered his home on January 6, 2008, engaged in illegal, criminal, and negligent acts therein, and

1

illegally seized property belonging to him. He further alleged that as a result of the City's and his parole officer's actions, a parole revocation proceeding was instituted against him and illegally-seized evidence was used against him at the hearing. The plaintiff also alleged that the attorney he hired to represent him in the revocation proceeding, Leah White, failed to properly represent him in the proceeding, resulting in his parole being revoked and his incarceration. The plaintiff claimed that the actions of all the defendants caused him mental pain and suffering, hardship, loss of personal property, and loss of wages. He sought to recover compensation, return of the fees he paid to Ms. White, another preliminary hearing, another parole hearing, and an admission by the defendants that they illegally obtained evidence from his home and used it against him in violation of his rights.

The State filed exceptions of failure to exhaust administrative remedies, failure to state a cause of action, and improper service, seeking dismissal of the plaintiff's claims against it because: 1) the plaintiff failed to exhaust administrative remedies required for "prisoner suits"; 2) the plaintiff failed to state a cause of action for mental or emotional injury suffered while in custody, as he did not allege that he suffered physical injury, that his right to a revocation hearing was denied, or that the procedural due process protection required in parole revocation proceedings was violated; and 3) service of process was not properly effected on the State.

On November 18, 2008, a hearing was held on the State's exceptions. The trial court granted the exception of failure to exhaust administrative remedies and dismissed the plaintiff's claims against the State without prejudice; it declared the State's remaining exceptions moot. On January 29, 2009, the plaintiff filed a writ application with this court regarding the trial court's dismissal of his claims against

2

the State. The writ application was denied; however, when the denial was issued, the time delays for appeal had lapsed. Therefore, this court considered the application as a timely-filed motion for appeal and ordered that the writ application be converted to an appeal. *See Cutler v. McGee*, an unpublished opinion bearing docket number 09-164 (La.App. 3 Cir. 3/12/09).[1]

Ms. White filed a dilatory exception of vagueness and ambiguity in which she urged that the allegations in the plaintiff's petition were vague and ambiguous because he failed to specify the details of the contract between them, including the period of the relationship and the duties she was hired to perform. She also filed a peremptory exception, urging that the plaintiff's allegations failed to state a cause of action against her.

The City filed a declinatory exception of insufficiency of service of process and an alternative motion for involuntary dismissal, seeking dismissal of the plaintiff's claims against it because he did not request that service be made on it within ninety days of suit being filed as required by La.R.S. 13:5107(D).

On December 15, 2008, the trial court heard and granted Ms. White's and the City's exceptions. However, with regard to Ms. White's exceptions, the trial court granted the plaintiff fifteen days to amend his petition. The plaintiff amended his petition in accordance with the trial court's judgment as to Ms. White's exceptions, and, on February 10, 2009, Ms. White filed another dilatory exception of vagueness and ambiguity and a peremptory exception no cause of action.

---

[1] Upon receipt of this court's ruling on the plaintiff's writ application, the clerk of court for the Fourteenth Judicial District Court issued a notice of appeal which identified the judgment being appealed as "the judgment of January 12th, 2009," but the judgment at issue in the plaintiff's writ application was dated December 8, 2008. No party made an issue of this discrepancy herein; therefore, it is not addressed.

On April 3, 2009, before the trial court conducted a hearing or ruled on Ms. White's second set of exceptions, the plaintiff filed a notice of appeal and appealed "the above docket number." After the appeal was lodged with this court, the City filed a motion to dismiss the appeal or in the alternative to supplement the appellate record in which it asserted that the plaintiff had dismissed the City from this litigation; in the alternative, the City sought to have the record supplemented with correspondence to the clerk of court for the Fourteenth Judicial District Court which establishes the merits of its declinatory exception of insufficiency of service of process and motion for involuntary dismissal. The motion was referred to the merits of this appeal.

**DISCUSSION**

**The State of Louisiana**

The plaintiff appeals the trial court's dismissal of his claims against the State for his failure to exhaust administrative remedies. The State contends that this is a "prisoner suit," as provided by the Prison Litigation Reform Act (PLRA), La.R.S. 15:1181-1191, which is governed by the Corrections and Administrative Remedy Procedures (CARP), La.R.S.15:1171-1179, and that the plaintiff's failure to exhaust the administrative remedies provided by CARP requires that his claims against it be dismissed without prejudice. *See* La.R.S. 15:1172(B) and 15:1184(A)(2).[2]

---

[2]Louisiana Revised Statutes 15:1172(B)(1) provides: "An offender shall initiate his administrative remedies for a delictual action for injury or damages within ninety days from the day the injury or damage is sustained," and La.R.S. 15:1184(A)(2) provides: "No prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted. If a prisoner suit is filed in contravention of this Paragraph, the court shall dismiss the suit without prejudice."

The PLRA was enacted to "curtail baseless or nuisance suits by prisoners." *Pope v. State,* 99-2559, p. 12 (La. 6/29/01), 792 So.2d 713, 720 n.16. It defines "prisoner suit" as "any civil proceeding with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison." La.R.S. 15:1181(2). "Prisoner" is defined to include "any person subject to incarceration . . . who is accused of . . . or adjudicated delinquent for a violation of criminal law or the terms or conditions of parole. . . . Status as a 'prisoner' is determined as of the time the cause of action arises." La.R.S. 15:1181(6). The plaintiff was not a "prisoner" at the time the actions he complains of occurred, and his complaints do not pertain to the conditions of his confinement or the effects of the State's actions on him while confined in prison. Accordingly, this suit is not a prisoner suit governed by the PLRA. *See Bernard v. La. Dep't of Pub. Safety & Corr.,* 00-1912 (La.App. 1 Cir. 11/9/01), 835 So.2d 470, *rev'd on other grounds on reh'g,* 00-1912 (La.App. 1 Cir. 9/20/02), 843 So.2d 413.

In his petition, the plaintiff complained that Ms. McGee committed criminal acts when she entered his home and seized privileged personal property without his permission. These complaints encompassed violations of constitutionally-protected and statutorily-protected rights. For example, the plaintiff complained that Ms. McGee entered and searched his home when he was not home without "adequate" permission from a bystander and that she reviewed legal documents and prescription or medical information she found in his home in violation of the attorney-client and physician-patient privileges provided by La.Code Evid. arts. 506 and 510, respectively. He also complained that she acted unethically in connection with his parole revocation proceeding because she used this illegally-obtained

5

information to construct a "non-criminal parole violation" against him in conjunction with his parole revocation proceeding, because she did not adequately explain the options available to him for the preliminary hearing of the revocation proceeding, and because she did not make favorable recommendations for him during the revocation proceeding.

Complaints similar to the plaintiff's complaints regarding the State's alleged violations of his constitutionally-protected rights against illegal search and seizure have been held to concern traditional civil matters "over which the district court retains original jurisdiction," which are not governed by CARP. *Ferrington v. La. Bd. of Parole*, 03-2093, p. 5 (La.App. 1 Cir. 6/25/04), 886 So.2d 455, 458, *writ denied*, 04-2555 (La. 6/24/05), 904 So.2d 741. *See also Bernard v. La. Dep't of Pub. Safety & Corr.*, 00-1912 (La.App. 1 Cir. 9/20/02), 843 So.2d 413, *writ denied*, 02-2613 (La. 1/9/04), 862 So.2d 975; *Madison v. Ward*, 00-2842 (La.App. 1 Cir. 7/3/02), 825 So.2d 1245; *Hull v. Stalder*, 00-2730 (La.App. 1 Cir. 2/15/02), 808 So.2d 829. Therefore, the trial court's dismissal of the plaintiff's claims against the State for failing to comply with CARP's requirements was error.

The State urges this court to conduct a de novo review of the plaintiff's claims against it and consider the merits of its exception of no cause of action. Louisiana Code of Civil Procedure Article 927(B) provides that an appellate court can notice the peremptory exception of no cause of action on its own motion, so we now consider whether the plaintiff has stated a cause of action against the State. In *Ferrington*, 886 So.2d at 458-59 (citations omitted), the court discussed the exception of no cause of action:

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to

6

anyone under the factual allegations presented. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. Therefore, the court reviews the petition and accepts the well-pleaded allegations of fact as true, and the issue at trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

The State relies on the limitations contained in La.R.S. 15:574.11(A) and La.R.S. 15:574.9 for its contention that the plaintiff's petition does not state a cause of action against it. Louisiana Revised Statutes 15:574.11(A) provides that parole is an administrative device for rehabilitating prisoners and that granting or revoking parole is a discretionary act of the Board of Parole. It further provides that a parolee does not have a right of appeal from a decision revoking his parole, "except for the denial of a revocation hearing under R.S. 15:574.9."[3] As discussed above, the plaintiff's claims involve traditional civil matters over which district courts retain original jurisdiction; therefore, they are not affected by these statutes. *Ferrington*, 886 So.2d 455; *Bernard*, 843 So.2d 413; *Madison*, 825 So.2d 1245; *Hull*, 808 So.2d 829.

Finally, the State contends that no cause of action exists in the plaintiff's claims because, as a parolee, he had a reduced expectation of privacy. Its argument is threefold: (1) the provisions of La.R.S. 15:574.4 illuminate the plaintiff's reduced expectations of privacy; (2) the jurisprudence shows the warrantless search of the plaintiff was reasonable; and (3) various statements in the plaintiff's petition establish its claim that the plaintiff has failed to state a cause of action. For reasons which follow, the record fails to support any of these contentions.

---

[3]Louisiana Revised Statutes 15:574.9 outlines the process to be utilized in revocation proceedings.

First, the bases for this assertion are the provisions of La.R.S. 15:574.4, which outline the conditions the Board of Parole can impose on parolees, and cases expounding on those limitations. *See U.S. v. Knights*, 534 U.S. 112, 122 S.Ct. 587 (2001); *State v. Malone*, 403 So.2d 1234 (La.1981); *State v. Perry*, 39,644 (La.App. 2 Cir. 4/13/05), 900 So.2d 313; *State v. Epperson*, 576 So.2d 96 (La.App. 2 Cir.), *writ denied*, 580 So.2d 920 (La.1991).

Pursuant to La.R.S. 15:574.4(H), the Board of Parole has the authority to make rules and conditions to which parolees must conform. There is one mandatory condition: parolees must not engage in criminal conduct, La.R.S. 15:574.4(H)(1), but there are eighteen additional permissive conditions, which the Board of Parole "may also require" a parolee to obey, including allowing "searches of his person, his property, his place of residence, . . . with or without a search warrant, when the . . . parole officer has reasonable suspicion to believe that the person . . . is engaged in or has been engaged in criminal activity." La.R.S. 15:574.4(H)(4), (H)(4)(r). The conditions of parole must be explained to a parolee, and he must "agree in writing to such conditions." La.R.S. 15:574.4(F). In the present case, our careful review of the record shows that the conditions of the plaintiff's parole are not part of the record.

Second, a parolee's agreement to allow his parole officer to investigate his activities, as provided in La.R.S. 15:574.4(H), reduces his expectation of "freedom from governmental intrusion into his affairs" below that of an ordinary citizen. *Perry*, 900 So.2d at 318. Nevertheless, this reduced expectation does not provide the parole officer free license to ignore the freedoms and rights to which the parolee is otherwise entitled. *Id.*; *see also, Knights*, 534 U.S. 112, 122 S.Ct. 587; *Epperson*, 576 So.2d 96. Pursuant to La.R.S. 15:574.4(H)(4)(r), a parole officer is allowed to conduct a

warrantless search of a parolee's home,[4] if the parole officer has a "reasonable suspicion that criminal activity is occurring" and believes "that the search is necessary in the performance of his duties and reasonable in light of the total circumstances." *Perry*, 900 So.2d at 318. Such a warrantless search cannot be a "subterfuge for criminal investigation." *Id.* (quoting *Malone*, 403 So.2d at 1238).

To determine whether a warrantless search of a parolee was reasonable, our supreme court has adopted a four-part test which requires consideration of "(1) the scope of the particular intrusion, (2) the manner in which it was conducted, (3) the justification for initiating it and (4) the place in which it was conducted." *Malone*, 403 So.2d at 1239 (citing *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 (1979)). In the present case, we are unable to apply this test because the pertinent facts surrounding the search are simply not in the record.

Lastly, the State argues that a review of the plaintiff's petition establishes that the petition fails to state a cause of action against it, claiming that the petition *states* two critical facts: (1) that a bystander gave the officers permission to search the plaintiff's house; and (2) that an illegal substance was in plain view of the officers when they entered the home. Again, our careful review of the plaintiff's petition fails to find such forthright statements. To the contrary, the paragraphs of the petition which address these claims question the validity of the permission to search and the evidence seized therein, stating in pertinent part, "[a]llegedly the police officers got a woman" at the plaintiff's house to give permission for the search and "[p]eace officers claim they found a marijuana butt in [an] ashtray." Rather than the forthright statements the State relies upon in support of its contentions, the plaintiff's petition

---

[4]This statement assumes the parolee's conditions of parole provide for searches of his home.

9

makes only qualified *alleged* statements and alludes to peace officer *claims* about the presence of marijuana. For these reasons and the reasons discussed above, we conclude that the plaintiff's petition does state a cause of action against the State.

Notwithstanding, the State further asserted in its exception of improper service that the plaintiff did not comply with the provisions of La.R.S. 39:1538; accordingly, it contends the plaintiff's petition should be dismissed. This provision requires that suits against the State, any state agencies, or any employees of those agencies "be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107." La.R.S. 39:1538(4). Although there may be merit to the State's contention, we are constrained to find that this issue cannot be addressed because there is no evidence in the record regarding service of process on the State. Therefore, we must remand this matter to the trial court to consider the State's exception of improper service.

**Leah White**

In its judgment dated December 29, 2008, the trial court granted Ms. White's exceptions of vagueness and no cause of action but also granted the plaintiff time to amend his petition as provided in La.Code Civ.P. arts. 933 and 934,[5] which he did.

---

[5]Louisiana Code of Civil Procedure Article 933(B) provides:

> When the grounds of the other objections pleaded in the dilatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the action, claim, demand, issue or theory subject to the exception shall be dismissed only for a noncompliance with this order.

Louisiana Code of Civil Procedure Article 934 provides:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

Thereafter, Ms. White filed another dilatory exception of vagueness and ambiguity and a peremptory exception of no cause of action. On February 10, 2009, the trial court signed an order setting a hearing on Ms. White's exceptions for April 22, 2009. Thereafter, on April 3, 2009, the trial court signed an order allowing the plaintiff's appeal of "the above docket number." As a result, Ms. White's second declinatory exception and peremptory exception had not been heard or ruled on when the appeal order was signed.

Louisiana Code of Civil Procedure Article 1911 provides that "every final judgment shall be signed by the judge" and that an appeal cannot be taken from a final judgment until it has been signed. No signed, final judgment against Ms. White is in the record before us. Hence, the appeal of that judgment is premature and must be dismissed. *Id.; see also Rourke v. Coursey*, 334 So.2d 480 (La.App. 3 Cir. 1976); *Fogleman v. Crowley Bldg. & Loan Ass'n*, 200 So.2d 790 (La.App. 3 Cir. 1967).

**City of Sulphur**

In its motion to dismiss appeal or in the alternative to supplement the appellate record, the City urges that the plaintiff acquiesced in the January 12, 2009 judgment which dismissed his claims against it. The City cites the plaintiff's notice of intent to seek appeal for this claim.

In his notice of intent to seek appeal, the plaintiff sought to appeal "the above docket number" and requested that the court reporter and clerk of court be ordered "to prepare the proper documents" for the appeal. The plaintiff then dismissed his claims against the City, stating in part, "[p]laintiff hereby dis-misses [sic] the City of Sulphur from the above[-]mentioned suit because Honorable Judge Savoie was employed by the Defendant, City of Sulphur."

11

The plaintiff assigned errors with the trial court's dismissal of the City of Sulphur and briefed those errors as though he had not dismissed his appeal against the City; yet, we cannot ignore the plain language in his notice of intent to seek appeal and hereby dismiss the plaintiff's appeal against the City of Sulphur.[6]

We acknowledge that the plaintiff urged in various pleadings that he is not an attorney and does not know all that is required for him to proceed with his claims and that he is at a disadvantange because of his lack of knowledge; therefore, his lack of knowledge should not be held against him. Notwithstanding that "[a] layman who represents himself cannot be held to the same standards of skill and judgment which must be attributed to an attorney, . . . he assumes responsibility for his own inadequacy and lack of knowledge of both procedural and substantive law. *Gray v. State*, 05-617, p. 13 (La.App. 3 Cir. 2/15/06), 923 So.2d 812, 821 (quoting *Rader v. Dep't of Health and Hosps., Office of Pub. Health, Eng'g Servs.*, 94-763, p. 3 (La.App. 1 Cir. 3/3/95), 652 So.2d 644, 646 (citations omitted)). *See also, Murray v. Town of Mansura*, 06-355 (La.App. 3 Cir. 9/27/06), 940 So.2d 832, *writ denied*, 06-2949 (La. 2/16/07), *cert. denied*, 552 U.S. 915, 128 S.Ct. 270 (2007).

### DISPOSITION

For the reasons discussed herein, the trial court's judgment dismissing the plaintiff's suit against Beth McGee, the State of Louisiana, through the Department of Public Safety and Corrections, Board of Parole for his failure to comply with the administrative remedies provided by the Prison Litigation Reform Act, La.R.S. 15:1181-1189, and the Corrections and Administrative Remedy Procedures, La.R.S.15:1171-1179, is reversed. The State's exception of failure to state a cause

---

[6]Because of our disposition of the plaintiff's claims against the City, the motion of the City to supplement the record is denied as moot.

12

of action is denied, and the matter is remanded for the trial court to consider the merits of the State's declinatory exception of improper service. The plaintiff's appeal of the trial court's dismissal of his claims against Leah White and the City of Sulphur are also dismissed.

Costs associated with the plaintiff's claims against the City of Sulphur and his appeal of the judgment dismissing his claims against the City of Sulphur are assessed to the plaintiff. Costs associated with the plaintiff's claims against Beth McGee, the State of Louisiana, through the Department of Public Safety and Corrections, Board of Parole, and Leah White are to be assessed upon completion of this litigation.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.**