STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1382

CHARLES CUTLER

VERSUS

LEAH WHITE

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-6073
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and Shannon J. Gremillion, Judges.

AFFIRMED.

Kendrick J. Guidry
Plauche, Smith & Nieset
P. O. Drawer 1705
Lake Charles, LA 70602
Telephone: (337) 436-0522
COUNSEL FOR:
    Defendant/Appellee - Leah White

Charles Cutler 322866 DC2 Trustee
400 John Allison Drive #C
Alexandria, LA 71303-7769
Telephone: (318) 449-4360
    Plaintiff/Appellant - Charles Cutler

Leah White
1827 Ryan Street
Lake Charles, LA 70601
Telephone: (337) 439-9900
COUNSEL FOR:
    Defendant/Appellee - Leah White

**THIBODEAUX, Chief Judge.**

In this legal malpractice dispute, Charles Cutler, currently incarcerated, claims that the trial court erred by granting an exception of prescription in favor of Leah White, an attorney who previously represented Cutler in connection with Cutler's parole revocation. For the following reasons, we affirm.

I.

**ISSUE**

We shall consider whether Cutler's legal malpractice claims are prescribed where Cutler originally filed suit against White (and other individuals) in June, 2008, where that suit was dismissed without prejudice for vagueness and failure to state a cause of action, where Cutler filed a premature appeal of that dismissal, and, therefore, the appeal was not considered, and where Cutler, instead of amending his petition or filing a timely appeal of the dismissal, filed a new petition in December, 2010, making virtually identical allegations against White as he did in his 2008 petition.

II.

**FACTS**

Cutler's allegations of malpractice against White stem from White's alleged failure to properly represent Cutler that resulted in Cutler's parole revocation and incarceration. Cutler was arrested in January of 2008 for possession of marijuana. Two days prior to the parole board hearing, the possession charge was dismissed. After the hearing, Cutler's parole was allegedly revoked for, among other things, possession of marijuana. In June of 2008, Cutler filed a lawsuit against White and other persons. In that suit, Cutler alleged that White committed malpractice by not requesting a delay of the parole board hearing.

White filed exceptions of vagueness and no cause of action, which the trial court granted. Cutler was permitted to amend his petition, and he did. White, again, filed the same exceptions. Prior to the ruling on the second set of exceptions, the trial court signed an order allowing Cutler to appeal. This court did not consider the appeal because there was no signed final judgment against White in the record. *See Cutler v. McGee*, 09-1290 (La.App. 3 Cir. 5/5/10), 38 So.3d 481, *writ denied*, 10-1879 (La. 11/19/10), 49 So.3d 393.

The trial court granted White's second set of exceptions in open court in April, 2009, signing a judgment to that effect in June, 2009. The trial court dismissed Cutler's claims without prejudice. Cutler filed for supervisory writs and/or appeal, which the trial court denied as untimely.

In December of 2010, Cutler filed another petition making almost identical allegations of malpractice against White as he did in his previous suit discussed above. White filed exceptions of prescription, res judicata, no cause of action, vagueness, and nonconformity of the petition to La.Code Civ.P. art. 891. The trial court granted the exception of prescription, denied the exceptions of res judicata and no cause of action, and did not address the exceptions of vagueness and nonconformity as moot. The trial court also partially granted White's motion for sanctions against Cutler requiring Cutler to pay all court costs. The trial court also ordered the Clerk of Court not to file any of Cutler's claims against White without a written authorization from the Chief Judge. Cutler appealed, and we now consider the matter.

III.

**STANDARD OF REVIEW**

The manifest error standard of review applies to an appellate court's consideration of prescription and/or peremption. *Strahan v. Sabine Ret. & Rehab.*

2

*Ctr., Inc.*, 07-1607 (La.App. 3 Cir. 4/30/08), 981 So.2d 287; *Dauterive Contractors, Inc. v. Landry & Watkins*, 01-1112 (La.App. 3 Cir. 3/13/02), 811 So.2d 1242.

IV.

## LAW AND DISCUSSION

> No action for damages against any attorney at law duly admitted to practice in this state . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La.R.S. 9:5605(A). "The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended." La.R.S. 9:5605(B). "Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period." La.Civ.Code art. 3458. "[P]eremption commences to run in a legal malpractice case when a claimant knew or should have known of the existence of facts that would have enabled him to state a cause of action for legal malpractice." *Jenkins v. Starns*, 11-1170, p. __ (La. 1/24/12), __So.3d__, __.

Here, Cutler was aware of the facts that would have enabled him to state a cause of action against White in June of 2008, when he filed his first suit against White and other persons. Instead of properly amending that petition or timely appealing its dismissal, Cutler chose to file a new petition. One year from June of 2008 has long since passed, and Cutler's causes of action arising from the alleged

3

White's malpractice have been extinguished and ceased to exist. Unlike the mythological phoenix, Cutler's claims cannot rise from the ashes. Therefore, the trial court committed no error by granting White's exception.

V.

## CONCLUSION

The trial court's judgment granting an exception of prescription in favor of Leah White is affirmed. Costs of this appeal are assessed to Charles Cutler.

**AFFIRMED.**