WHIPPLE, C.J.
| ^Petitioner-appellant, George Jarrett (“appellant”), appeals from a judgment of the district court dismissing, with prejudice, his claims against the Louisiana Department of Public Safety .and Corrections (“the Department”) for failure to state a cause of action. Finding no error, we affirm.
DISCUSSION
. A review of the allegations of appellant’s petition reveals that the basis of his claim is that he entered into a “contract” with the Department in'1994 while incarcerated, wherein he relinquished incentive wages in lieu of earning good time credits, commonly known as a “diminution in sentence.” Appellant contends that there was no provision in this “contract” that his eventual release would be subject to parole conditions; however, in 2009, one month prior to his release, he was purportedly “coerced” by an employee of the Department to sign another contract, which stated that his release would be subject to parole conditions. Appellant is no longer incarcerated, but he contends that his subsequent release, wherein he is subject to parole supervision requirements, including the payment of parole fees, constitutes a breach of contract by the Department and violates his due process rights. Accordingly, appellant seeks an immediate release from the Department, without parole supervision or the payment of parole fees, and monetary damages.
Louisiana Revised Statute 15:571.5, which was in effect at the time of appellant’s release in 2009, requires that any “person released because of diminution of sentence ... shall be supervised in the same manner and to the same extent as if *220 he were released on parole.”[1] Moreover, it is well-established that the parole supervision requirements of LSA-R.S. 15:571.5 do not constitute a violation of an lainmate’s constitutional rights. Specifically, in Williams v. State Bd. of Pardons and Parole, 2011-0495 (La.App. 1 Cir. 11/9/11), 2011 WL 5410591 (unpublished opinion), writ denied, 2012-0278 (La.8/22/12), 97 So.3d 368, the inmate similarly argued that his prospective release for diminution of sentence due to “good time,” while being subject to parole supervision requirements, violated his constitutional rights. This court rejected the inmate’s argument and upheld the dismissal of the petition for failure to state.a.cause of action. See also Rochelle v. Louisiana Dept. of Public Safety and Corrections, 2007-0700 (La.App. 1 Cir. 12/21/07), 2007 WL 4465793 (unpublished opinion); Ferrington v. Louisiana, Board of Parole, 2003-2093 (La.App. 1 Cir. 6/25/04), 886 So.2d 455, 459, writ denied, 2004-2555 (La.6/24/05), 904 So.2d 741. Likewise, herein, we find no merit to appellant’s violation-of-due-prócéss arguments.
In regard to appellant’s argument that he entered into a binding contract with the Department by signing a “Good Time Rate Option and Approval Form” in 1994, and that the Department has now breached this contact, this court has previously held that “an offender’s entry into the good time credits program is only an option the offender can choose to exercise, which cán result in his eligibility for early release, and is not a contract.” (Emphasis added.) London v. Louisiana Dept. of Corrections, 2012-1718 at 3-4 (unpublished opinion), writ denied, 2013-1922 (La.3/21/14), 135 So.3d 610, citing Bancroft v. Louisiana Department of Corrections, 93-1135 (La.App. 1 Cir. 4/8/1994), 635 So.2d 738, 741. Accordingly, we find no merit to appellant’s breach-of-eontract claims.
Additionally, we find no merit to appellant’s argument that he was not eligible for parole under the applicable sentencing statute for the crime that he committed, and thus, he cannot be released “as if under parole.” The petitioner in London, made a similar argument, and in rejecting the same, this court noted that the “petitioner pignores the distinction that he was not released by the granting of parole, but, rather, by diminution of sentence with parole conditions.” London, -2012-1718 at p. 3.
Last, we pretermit discussion of appellant’s argument that the district court improperly dismissed his claims for failure to exhaust administrative remedies because his allegedly timely filed administrative remedy procedure (“ARP”) complaint was not answered by Department until the Department was ordered by the court to do so. The record reflects that the commissioner recommended a dismissal for failure to state a cause of action, not for failure to exhaust administrative remedies.[2] An exception of no cause of action *221 may be raised by the trial court on its own motion. LSA-C.C.P. art. 927(B). The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts of the pleadings. Everything on Wheels Subaru, Inc., v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). A judgment sustaining a peremptory exception of no cause of action shall permit amendment of the pleadings when the grounds of the objection may be removed by the amendment. However, when the grounds of the objection cannot be removed by amendment, the action shall be dismissed. LSA-C.C.P. art. 934.
After careful review, we find that appellant has failed to allege facts upon which relief may be granted.-. We further conclude that no possible amendment could cure the deficiencies of the petition.
CONCLUSION
After thorough review of the record in its entirety, and considering the relevant law and jurisprudence, we find no merit to appellant’s assignments of error. Accordingly, the March 23, 2015 judgment of the district court, dismissing |fiappellant’s petition for judicial review,- with prejudice, is hereby affirmed. Costs of this' appeal are assessed to the petitioner/appellant, George Jarrett.
AFFIRMED.

. See Acts 1992, No. 962, § 1. See also London v. Louisiana Dept. of Corrections, 2012-1718 (La.App. 1 Cir. 6/3/13), 2013 WL 2423890 (unpublished opinion), writ denied, 2013-1922 (La.3/21/14), 135 So.3d 610. (“[T]he law in effect at the time of an offender’s release governs the terms of the offender’s release, rather than that in effect at the time of the offender’s commission of the offense or at the time of the offender’s, entry ■ into the good time credits program."),

. Moreover, the record does not reflect that the Department was ordered to answer the ARP grievance, rather, the Department agreed to stay the matter in order to respond to the grievance, despite having no record of receipt of appellant's alleged ARP grievance, if the judge would agree to do so.