FREDDIE CASTELLO, III

VERSUS

JENNIFER ZUPPARDO, JOSEPH ZUPPARDO,
SR., JOSEPH ZUPPARDO, JR., JULIA LNU,
EMPLOYEE X

NO. 22-CA-118

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 813-335, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING

November 30, 2022

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson

**REVERSED AND REMANDED.**

    **SMC**
    **JGG**
    **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

PLAINTIFF/APPELLANT,
FREDDIE CASTELLO, III
 Freddie Castello, III

COUNSEL FOR DEFENDANT/APPELLEE,
JENNIFER ZUPPARDO, JOSEPH ZUPPARDO, SR., JOSEPH ZUPPARDO,
JR., JULIA LNU, EMPLOYEE X
 Edward F. Harold
 Lawrence J. Sorohan, II
 Andrew J. Baer

**CHEHARDY, C.J.**

Plaintiff, Freddie Castello, III, appeals the trial court's June 28, 2021 judgment sustaining the peremptory exception of prescription in favor of defendants, thereby dismissing Mr. Castello's complaint with prejudice. For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On September 15, 2019, Mr. Castello applied, in person, for a janitorial position at the new Zuppardo's Family Market ("Zuppardo's") located in Metairie, Louisiana.[1] He allegedly conversed with defendants, Jennifer Zuppardo, Joseph Zuppardo, Sr., and Employee X that day. According to Mr. Castello, he first spoke with Jennifer Zuppardo, who was the person in charge of handling potential hires at the store's new location. She sent Mr. Castello to speak with Mr. Joseph Zuppardo, Sr., and they spoke briefly about the appearance of a grocery store. Mr. Zuppardo inquired as to whether Mr. Castello would be able to wake up and be at the store by 4:30 a.m., as that was when the custodians arrived to complete their job duties before the store opened each morning. Mr. Castello advised Mr. Zuppardo that he was disabled and wanted to work part-time so that he could continue to receive social security disability benefits.

Mr. Zuppardo then sent Mr. Castillo to see an African American employee (Employee X), who was in charge of the custodial crew. "In an effort too [sic] appear a more valuable employee," and to show that he was qualified for the job, Mr. Castello showed Employee X copies of copyrighted recipes that he had put together over the years, to which Employee X responded, "I wish I had those." Additionally, Mr. Castello mailed several letters to Zuppardo's, which contained

---

[1] Prior to September 15, 2020, Mr. Castello contends he submitted applications for employment to defendant, "Ms. Julia (LIQOUR [sic] DEPT)," who was accepting applications for prospective workers at the "new" Zuppardo's location prior to the new store's opening.

"promotional ideas" and "recipes," which he felt would improve his chances for employment. Although he was disabled, Mr. Castello "strongly believe[d]" that he was "more than qualified for a custodian position."

On January 30, 2020, Mr. Castello filed a charge of discrimination against Zuppardo's Family Supermarket with the Equal Employment Opportunity Commission ("EEOC") as required by 42 U.S.C.A. § 2000e-5(e), presumably because he was denied employment due to his mental, intellectual, and physical disabilities.[2] Based on the evidence Mr. Castello submitted in support of his charge of discrimination, the EEOC was "unable to determine whether or not a violation of the law ha[d] occurred," and thus, concluded that Mr. Castello's claim should be closed. Consequently, the EEOC did not file suit on Mr. Castello's behalf. Instead, the EEOC sent Mr. Castello a "right to sue" letter on October 1, 2020, informing him that it was concluding its administrative investigation of his discrimination claim and that he could pursue his claim against the employer privately in court within 90 days of the receipt of the letter and final dismissal notice. The right-to-sue letter contained the following:

> [I]t is your responsibility to file your case in court. If a private law suit is not filed within 90 days of receipt of your final dismissal notice, the right-to-sue for the charge will be lost and cannot be restored by the EEOC.

Additionally, the final dismissal notice signed on October 1, 2020, provided:

> Title VII, the American with Disabilities Act, the Genetic Information Nondiscrimination Act, of the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; [emphasis in original] or your right to sue based on this

---

[2]     The record does not contain the particulars regarding Mr. Castello's charge of alleged discrimination by Zuppardo's. One can surmise from the collective information contained in the record that, even though he was allegedly "more than qualified…," Mr. Castello was not hired by Zuppardo's to fill the custodian position, and that he was purportedly discriminated against because of his mental and intellectual disabilities.

charge will be lost.  (*The time limit for filing suit based on a claim under state law may be different.*) [Emphasis supplied.]

On December 19, 2020, Mr. Castello filed a Request for Emergency Pauper Status in the 24th Judicial District Court for the Parish of Jefferson.  In support of his request, Mr. Castello submitted the right-to-sue letter, a letter from the EEOC to schedule an interview, and information regarding his financial status.  Mr. Castello's request for emergency pauper status did not contain any substantive claims or allegations against defendants.  The request was denied on December 29, 2020, for failure to comply with La. C.C.P. art. 5183.[3]

On December 27, 2020, Mr. Castello appeared at the Clerk of Court's office for the 24th Judicial District Court to formally file his complaint.  He contends that the clerk's office previously advised him that the cost of filing his complaint was $225.00.  However, when Mr. Castello arrived at the clerk's office, he was advised that the filing fee was actually $445.00.  At that time, he lacked sufficient funds to pay the fee in full.  Further, Mr. Castello contends the clerk's office denied his request to have the pleading marked as filed based on a partial payment of the filing fees.

On January 4, 2021, Mr. Castello received notice from the clerk's office that if he wanted to pursue his claim, he needed to pay $445.  The notice also stated that "[f]ailure to pay this amount in 30 days will result in additional fees . . ."

---

[3]     La. C.C.P. art. 5183(A) provides, in part, that "[a] person who wishes to exercise the privilege granted in this Chapter shall apply to the court for permission to do so in his first pleading, or in an ex parte written motion if requested later, to which he shall annex:

(1)  His affidavit that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor, because of his poverty and lack of means, accompanied by any supporting documentation.

(2)  The affidavit of a third person other than his attorney that he knows the applicant, knows his financial condition, and believes that he is unable to pay the costs of court in advance, or as they accrue, or to furnish security therefor.

(3)  A recommendation from the clerk of court's office as to whether or not it feels the litigant is in fact indigent, and thus unable to pay the cost of court in advance, or as they accrue, or to furnish security therefor, if required by local rule of the court.

On February 2, 2021, Mr. Castello, in proper person, filed a complaint naming as defendants, Jennifer Zuppardo, Joseph Zuppardo, Sr., Joseph Zuppardo, Jr., Julia LNU, and Employee X. In his complaint, Mr. Castello states that he became disabled following a 2010 gunshot wound that caused neuropathy, leaving him unable to run and stand for more than 30 minutes. Additionally, Mr. Castello alleged that he had a "mild" intellectual disability. The complaint states that Mr. Castello applied for a janitorial position at Zuppardo's, and that he had previously shared "ideas, recipes which [he] felt would benefit [his] being hired." Without asserting any specific violation(s), the complaint states that it was being submitted under the Rehabilitation Act and the American with Disabilities Act ("ADA"), which makes it unlawful to discriminate in employment against a qualified individual with a disability. Mr. Castello's complaint did not request service on any of the individual defendants, but rather stated that "Defendants shall be served by certified mail within 5 days."

In response, defendants filed peremptory exceptions of prescription and no cause of action, and the declinatory exception of insufficiency of service of process. Specifically, defendants averred that Mr. Castello's complaint was prescribed due to his failure to file it within 90 days of his receipt of the right-to-sue letter from the EEOC.[4] Additionally, defendants alleged that neither the Rehabilitation Act nor the ADA, pursuant to which Mr. Castello purportedly seeks relief, provide for liability against individual defendants, as opposed to employers. Defendants claimed that Mr. Castello's complaint lacked the requisite listing of any factual allegations that could support his claims under either the Rehabilitation

---

[4] While Mr. Castello's complaint does not state the exact date upon which he received the EEOC's right-to-sue letter, elsewhere in the record he identifies January 4, 2020, as the expiration of the 90-day period.

Act or the ADA. Lastly, defendants claimed that Mr. Castello failed to properly serve his petition for damages pursuant to La. C.C.P. art. 1291.[5]

Mr. Castello, unrepresented by counsel, did not file a written opposition to defendants' exceptions.

Defendants' exceptions came for hearing on May 27, 2021. At that time, defendants pursued the exception of prescription—since a dismissal without prejudice would be the remedy—and waived their exception of insufficient service. At the hearing, Mr. Castello conceded that he did not file his complaint against defendants at the time he filed his request for emergency pauper status. He also conceded that his petition filed on February 2, 2021, was filed more than 90 days from his receipt of the October 1, 2020 right-to-sue letter. Mr. Castello submitted no evidence nor presented any oral argument at the hearing. At the close of the hearing, based on the admissions of Mr. Castello, the trial court sustained defendants' exception of prescription and dismissed Mr. Castello's complaint with prejudice. Defendants' exception of no cause of action was deemed moot. A written judgment to this effect was signed on June 28, 2021.

The instant appeal filed by Mr. Castello ensued.[6]

**ISSUES PRESENTED FOR REVIEW**

In his brief on appeal, Mr. Castello does not specify any alleged error by the trial court. Thus, what is before this Court for review is whether the trial court erred in dismissing Mr. Castello's complaint on the basis that his claim for discrimination in employment has prescribed.

---

[5] La. C.C.P. art. 1291 provides that "[e]xcept as otherwise provided by law, service shall be made by the sheriff of the parish where service is to be made or of the parish where the action is pending."

[6] Mr. Castello represented himself at trial, and also is in proper person on appeal.

**STANDARD OF REVIEW**

Ordinarily, the exceptor bears the burden of proof at trial of a peremptory exception, including prescription. *Woods v. Cousin*, 12-100 (La. App. 5 Cir. 10/16/12), 102 So.3d 977, 979, *writ denied*, 12-2452 (La. 1/11/13), 107 So.3d 617. However, if prescription is evident from the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. *Id.*

At a hearing on a peremptory exception of prescription plead prior to trial, evidence may be introduced to support or controvert the exception. La. C.C.P. art. 931. In the absence of evidence, a peremptory exception of prescription must be decided upon the facts alleged in the petition with all of the allegations accepted as true. *Lomont v. Bennett*, 14-2483 (La. 6/30/15), 172 So.3d 620, 627. Furthermore, when no evidence is introduced at the hearing on the exception, the reviewing court simply determines whether the trial court's finding was legally correct. *Felix v. Safeway Ins. Co.*, 15-701 (La. App. 4 Cir. 12/16/15), 183 So.3d 627, 631.

The transcript of this case shows that no evidence was introduced by either party at the hearing on defendants' exception of prescription prior to the trial court's ruling.[7] Consequently, we review the record *de novo* to determine whether the trial court's finding was legally correct.

**LAW AND DISCUSSION**

We note at the outset that Mr. Castello's brief does not comport with Uniform Rules–Courts of Appeal, Rule 2-12.4 in numerous particulars: it does not specify or allege errors, make arguments confined strictly to the issues of the case, or provide citations to the record.[8] In the interest of justice, however, Louisiana

---

[7]  Defendants aver in their brief that the "manifest error/clearly wrong" standard of review should apply, however, defendants did not introduce any evidence into the record during the hearing on their exception.

[8]  We note that Mr. Castello's complaint filed in the trial court, also filed in proper person, similarly fails to comply with La. C.C.P. art. 891(A), which requires that "the name, surname, and domicile of the parties" be set forth; Mr. Castello's complaint merely identifies Ms. Jennifer Zuppardo, Joseph Zuppardo, Sr., Joseph Zuppardo, Jr., Ms. Julia LNU, and Employee X as defendants in the case, but does not formally name them as party defendants. Further, Mr. Castello's complaint does not "contain a short,

22-CA-118                                      6

appellate courts will read *pro se* filings indulgently and attempt to construe a brief as though assignments were properly delineated. *Richard v. Hawthorne*, 15-559 (La. App. 5 Cir. 5/12/16), 192 So.3d 273, 278. We, therefore, decline to strike Mr. Castello's late-filed brief for noncompliance.

We further acknowledge that Mr. Castello urged in various filings that he is not an attorney and does not know all that is required of him to proceed with his claims, and that he is at a disadvantage because of his lack of knowledge and inability to utilize the law library due to COVID. Notwithstanding that a layman who represents himself cannot be held to the same standards of skill and judgment which must be attributed to an attorney, he nevertheless "assumes responsibility for his own inadequacy and lack of knowledge of both procedural and substantive law." *See Dronet v. Dronet*, 96-982 (La. App. 5 Cir. 4/9/97), 694 So.2d 436, 428, *writ not considered*, 97-1263 (La. 9/5/97), 699 So.2d 82; *Cutler v. McGee*, 09-1290 (La. App. 3 Cir. 5/5/10), 38 So.3d 481, 490, *writ denied*, 10-1879 (La. 11/19/10), 49 So.3d 393.

Mr. Castello did not file a federal lawsuit alleging violations of the Rehabilitation Act and the ADA within the 90-day period. Instead, he filed the instant suit in state court after the 90 days had expired, but within one year and six months from the date he submitted his application for employment at Zuppardo's and was allegedly not hired because of his disability.[9]

Mr. Castello's claim for discrimination under the Rehabilitation Act and the ADA fall under Title VII. It appears that any federal claims Mr. Castello may have as a result of Zuppardo's not hiring him because of his disability may have

---

clear, concise statement of all causes of action arising out of, and the material facts of, the transaction or occurrence that is the subject matter of the litigation[,]" as required by La. C.C.P. art. 891(A). Lastly, while Mr. Castello's complaint concludes with a "Prayer," it does not pray for any specific relief.

[9] Although Mr. Castello was allegedly not hired on September 15, 2019, and did not file his claim in state court until February 2, 2021, six of the nine months within which his discrimination claim was under review by the EEOC were suspended. *See* La. R.S. 23:303(D), *infra*. Thus, Mr. Castello's state court action against Zuppardo's was timely.

prescribed. However, although Mr. Castello did not specifically seek relief under the Louisiana Employment Discrimination Law ("LEDL"), in Louisiana's system of fact pleading, recovery shall be had under any legal theory justified by the facts presented in the petition. *Gereighty v. Domingue*, 17-339 (La. App. 5 Cir. 5/30/18), 249 So.3d 1016, 1032. We find that Mr. Castello's complaint also attempts to state a cause of action under Louisiana's antidiscrimination statute, La. R.S. 23:301, *et seq.* Specifically, La R.S. 23:323 provides, in pertinent part:

> A. No otherwise qualified person with a disability shall, on the basis of a disability, be subjected to discrimination in employment.
>
> B. An employer …. shall not engage in any of the following practices:
>
> (1)    Fail or refuse to hire, promote, or reasonably accommodate an otherwise qualified person with a disability on the basis of a disability, when it is unrelated to the individual's ability, with reasonable accommodation, to perform the duties of a particular job or position.
>
> ***
>
> (4)    Fail or refuse to hire or to promote an otherwise qualified person with a disability on the basis of physical or mental examinations or preemployment interviews that are not directly related to the requirements of the specific job, or are not required of all employees or applicants.
>
> ***
>
> (6)    Fail or refuse to hire or to promote an otherwise qualified person with a disability when adaptive devices or aids may need to be utilized to enable that individual, at the individual's own expense, to perform the specific requirements of the job.

Additionally, La. R.S. 23:303 provides, in part:

> A. A plaintiff who has a cause of action against an employer … for a violation of this Chapter may file suit in a district court seeking compensatory damages …, or if appropriate, … reasonable attorney fees, and court costs. In such a suit, the venue shall be the district court in the parish in which the alleged violation occurred.
>
> ***

D. Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.[10]

After Mr. Castello was allegedly denied employment on September 15, 2019, he filed a claim with the EEOC on January 30, 2020. The EEOC issued the final dismissal notice and right-to-sue letter to Mr. Castello on October 1, 2020, nine months later. Pursuant to La. R.S. 23:303(D), six of the nine months that his EEOC claim was pending are suspended for purposes of calculating prescription. In short, Mr. Castello had one year and six months (which accounts for the time his claim was pending before the EEOC) from the date he was denied employment to file suit. Mr. Castello's complaint was filed on February 2, 2021, within one year and six months, and thus, was timely. La. R.S. 23:303(D). We therefore conclude that Mr. Castello's claim for discrimination in employment under La. R.S. 23:301, *et seq.* has not prescribed.[11]

For the foregoing reasons, the judgment of the trial court sustaining defendants' exception of prescription is reversed, and the case is remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**.

---

[10]    The effect of a suspension of prescription is provided in La. C.C. art. 3472, which provides "[t]he period of suspension is not counted toward accrual of prescription. Prescription commences to run again upon the termination of the period of suspension."

[11]    We expressly pretermit discussion as to whether Mr. Castello has properly stated a cause of action under La. R.S. 23:301, *et seq.*, as the trial court, having granted defendants' exception of prescription, deemed the exception of no cause of action to be moot, and, thus, the correctness of that exception is not before us.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 30, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-118

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
ANDREW J. BAER (APPELLEE)          LAWRENCE J. SOROHAN, II (APPELLEE)

**MAILED**
EDWARD F. HAROLD (APPELLEE)        FREDDIE CASTELLO, III  (APPELLANT)
ATTORNEY AT LAW                    6220 RIVERSIDE DRIVE
201 SAINT CHARLES AVENUE           APARTMENT 546
SUITE 3710                         METAIRIE, LA 70003
NEW ORLEANS, LA 70170